[Criminal No. 90.   Filed March 8, 1894.]   .

[37 Pac. 338.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. H. B. TURNER, Defendant and Appellant.

1. CRIMINAL LAW—CONSPIRACY TO COMMIT MISDEMEANOR—REV. STATS. ARIZ. 1887, PEN. CODE, PARS. 266, 1654, CITED—AGREEMENT—OVERT ACT.—In a charge of conspiracy the corrupt agreement is usually the gravamen of the offense, but in a trial for conspiracy to commit a misdemeanor, under the statutes (pars. 266, 1654, *supra*), it is necessary to prove the corrupt agreement and one or more of the criminal acts charged before it becomes a conspiracy.

2. SAME—SAME—EVIDENCE—DECLARATIONS OF CO-CONSPIRATOR—FOUNDATION.—Conspiracy should be first established *prima facie* before the acts and declarations of a co-conspirator can be admitted in evidence against another.

3. SAME—SAME—KILLING CATTLE—REV. STATS. ARIZ. 1887, PEN. CODE, PAR. 973, AS AMENDED, LAWS 1889, P. 21—EVIDENCE—WHETHER DEFENDANT BUTCHER MATERIAL—STATUTE CREATING MISDEMEANOR STRICTLY CONSTRUED.—In a prosecution for conspiracy to commit a misdemeanor by killing cattle for sale, defendants being persons not engaged as butchers, and not retaining in their possession the hides for twenty-one days as required by statute, *supra*, the fact as to whether defendants were butchers is material, and must be proved.   The overt act charged is a statutory misdemeanor, and such statutes are strictly construed.

4. SAME—SAME—EVIDENCE—PROOF OF OVERT ACT BY TWO PERSONS INSUFFICIENT.—Mere proof of the commission of a misdemeanor by two or more persons is insufficient to sustain a conviction for conspiracy to commit such misdemeanor.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge.   Reversed.

The facts are stated in the opinion.

Allen R. English, for Appellant.

The statement of facts shows that there was no evidence as to whether defendants were butchers, and the only way to show it in such a case is by the county records from the recorder's office; yet, in the absence of any evidence, the jury were told

that if they found from the evidence that the defendants were not butchers, etc. This was misleading, and did mislead the jury.

Again, they were charged "not being butchers." It was a material inquiry, and should have been proven; for if they were butchers, it was only necessary to retain them for five days. Pen. Code, par. 973, and Laws 1889, p. 21. It was necessary to allege a negative. It was equally necessary to prove it.

The statement of facts shows that before any conspiracy was attempted to be proved the court, over defendants' objections and exceptions, admitted the testimony of the prosecuting witness, a self-confessed and paid detective, looking for a reward, as to statements made by co-defendants in the absence of and without the hearing of this defendant. This was error. 4 Am. & Eng. Ency. of Law. 631.

Francis J. Heney, Attorney-General, for Respondent.

HAWKINS, J.—The appellant was indicted, with others, for conspiracy to commit a misdemeanor,—viz., they, being persons not engaged as butchers, did conspire, etc., to kill cattle for sale, and not retain in their possession the hides taken off said animals, with the earmarks attached thereto, without any alteration or disfiguration of the brands or marks on said hides, for twenty-one days, etc., free to the inspection of all persons (Pen. Code 1887, par. 973, as amended 1889, p. 21), and then charges several overt acts, substantially in the language of the said statute, of said parties, not being engaged as butchers in killing cattle, and not retaining the hides, etc. This statute makes the crime a misdemeanor, and the penalty for not so retaining the hides, etc., is a fine not exceeding two hundred dollars. Conspiracy is punishable by imprisonment in the territorial prison not exceeding one year, or by a fine not exceeding one thousand dollars. The statute regarding the crime of conspiracy provides that no agreement, except to commit a felony upon the person of another, or to commit arson or burglary, amounts to a conspiracy, unless some act besides such agreement be done to effect the object thereof by one or more of the parties to such agreement. Pen. Code, p. 701, par. 266. And upon a trial for conspiracy, in a case

where an overt act is required by law to constitute the offense, the defendant cannot be convicted unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts alleged be proved. Pen. Code, par. 1654. The appellant, in his motion for a new trial, alleges various grounds of error.

The main question for us to consider seems to be, Were there any facts showing a conspiracy? If not, the motion of appellant to direct a verdict of acquittal should have been granted. In a charge of conspiracy the corrupt agreement is usually the gravamen of the offense. Under the statute in this case it is necessary, however, to prove the corrupt agreement, and one or more of the criminal acts charged, and, after these are both charged and proved, it becomes conspiracy. After a full examination of the evidence, we are unable to find that any such agreement was proved either directly or by circumstances. It is true it was permitted, over the objection of the defendants, for the prosecution to prove a conversation between witness Taylor and Lyall regarding Mart Taylor selling witness an interest in the XL cattle, saying, by working together, and branding everything, they could soon make up a good herd. This was in the absence of the defendants, and no evidence had been introduced showing that a conspiracy had taken place, and could only prejudice the jury. It is said to be a rule of ancient standing that the conspiracy should be first established, *prima facie*, before the acts and declarations of a co-conspirator can be admitted in evidence against another. The most that can be said from the testimony in the case is, that the territory has tried to prove one or more of the overt acts alleged. This proof also falls short of what would be required if the defendants were being prosecuted for the misdemeanor alleged as the criminal act. There is no evidence as to whether defendants were butchers. This was a material matter, and would have to be proved. The overt act charged is a statutory misdemeanor. Such statutes are to be strictly construed. If the defendants were butchers, the law only required the hides to be kept five days.

The court also charged the jury, the defendants "not being butchers," etc. It was clearly material to prove this. The allegation in the indictment was no proof against the defendants. It was all there was before the jury on this point. But,

if one or more of the overt acts had been proved, that alone would not have been sufficient to convict the defendants. It is primarily necessary to prove the corrupt agreement, and then such overt act. It is made so by the law. It would be a dangerous thing to hold otherwise. If two persons together commit a misdemeanor, then all that would be necessary to do would be to indict them for a conspiracy, prove the commission of the misdemeanor, and convict them of a felony. It was the intention of the statute making conspiracy a felony to prevent just such a thing. All that can be said of the facts and circumstances in this case is, that they all tend solely towards connecting defendant with the commission of the misdemeanor charged, or some other crime. In *Loggins v. State,* 8 Tex. App. 434, it is held that ''ordinarily the mere proof that two or more parties were actually engaged in the commission of a crime does not lead to the necessary inference that, days or weeks or months before its commission, they had mutually undertaken and agreed to its commission.'' And again, in the same decision, it is stated that ''it would be a doctrine fraught with mischievous results if the mere proof of an actual commission of a criminal act by two or more parties was sufficient, in itself, to justify the conclusion that a conspiracy had been formed, a week or a month before, by the same parties, to commit the particular offense in question.'' We must therefore conclude that the court erred in not sustaining the motion to direct a verdict for defendant. The judgment is therefore reversed.

Baker, C. J., concurs.