636 P.2d 142

**The STATE of Arizona, Appellee,**

v.

**Christine VIERTEL, Appellant.**

**No. 2 CA–CR 2319.**

Court of Appeals of Arizona, Division 2.

Sept. 22, 1981.

Rehearing Denied Oct. 14, 1981.

Review Denied Nov. 3, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Hirsh & Bayles, P. C. by Donald H. Bayles, Jr. and L. Anthony Fines, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by the court sitting without a jury of conspiracy to sell cocaine, was sentenced to 5.25 years in prison. She contends the trial court erred in admitting the declaration of a co-conspirator because (1) there was no independent evidence of a conspiracy and (2) her Sixth Amendment right of confrontation was violated. We disagree and affirm.

The record shows that Debbie Small, an indicted co-conspirator who pleaded guilty before trial, arranged a cocaine buy with Vance Stacy, a narcotics agent with the Tucson Police Department. According to Stacy, Debbie had to wait for her source to arrive with the cocaine. The next day Debbie told Stacy to come to her apartment at 6:30 p. m. where the sale would take place.

When Stacy arrived Debbie told him that the connection would be there soon and that he would have to wait in a bedroom. Fifteen minutes later Stacy heard someone come to the front door of the apartment and he heard another woman's voice. Debbie then came into the bedroom with the cocaine and the sale took place. Debbie told him that her connection would wait in another bedroom until he left because the connection did not want Stacy to see her.

When Stacy left the apartment, he gave a signal to other officers who were watching the apartment. They moved in, arrested Debbie and found appellant hiding in a bedroom closet. After appellant was advised she was being arrested for selling cocaine and advised of her Miranda rights, she blurted, "You can't get me on transportation, it's not my car." Appellant's purse contained narcotics paraphernalia and mednannicol, an agent used for "cutting" cocaine.

Declarations of co-conspirators made in furtherance of the conspiracy and while the conspiracy is continuing are admissible, provided the existence of the conspiracy is proved independently. *State v. Speerschneider*, 25 Ariz.App. 340, 543 P.2d 461 (1975); and see Annot. 46 A.L.R.3d 1148. The independent evidence must establish a prima facie case of conspiracy. *Territory v. Turner*, 4 Ariz. 290, 37 Pac. 368 (1894). Such independent evidence exists here. Debbie did not have the cocaine when the agent first arrived. After appellant arrived, the cocaine was supplied. Appellant was hiding in a closet, made an incriminating statement about the car and was in possession of a substance used to cut cocaine. The existence of the unlawful agreement can be inferred from her conduct. *State v. Estrada*, 27 Ariz.App. 38, 550 P.2d 1080 (1976).

Although the state had subpoenaed Debbie Small and she was in the Pima County Jail pursuant to such subpoena, the state did not call her as a witness but instead used the testimony of Stacy. Now for the first time, appellant contends Stacy's testimony as to what he was told by

Debbie Small denied appellant her right of confrontation guaranteed by the Sixth Amendment to the United States Constitution.[1] Had appellant objected on the ground now urged, it would have been a simple matter for the prosecution to bring Debbie into court to testify.[2] Without proper objection at the trial an error in the admission of evidence is not subject to review unless it constitutes fundamental error. *State v. Moreno*, 26 Ariz.App. 178, 547 P.2d 30 (1976). There is no such fundamental error here. The failure to object precludes consideration on appeal. See *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (App. 1977); and see *Singleton v. State*, 303 So.2d 420 (Fla.App.1974).

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. As to the admissibility of the extra judicial statement of a co-conspirator, see Rule 801(d)(2)(E), Arizona Rules of Evidence and Annot. 44 A.L.R.Fed. 627.

2. In cases involving the testimony of a co-conspirator, the Sixth Amendment normally requires a showing of unavailability before hearsay statements of the coconspirator are admissible. See *United States v. Fielding*, 630 F.2d 1357 (9th Cir. 1980). See also, *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).