705 P.2d 1357

**STATE of Arizona, Appellee,**

v.

**Elredge SAVANT, Jr., Appellant.**

**No. 2 CA–CR 3605–3.**

Court of Appeals of Arizona,
Division Two, Department B.

March 15, 1985.

Reconsideration Denied May 7, 1985.

Review Denied Sept. 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Stanley L. Patchell, Phoenix, for appellee.

Lieberthal & Kashman, P.C. by Howard A. Kashman, Tucson, for appellant.

## OPINION

LIVERMORE, Judge.

On the evening of November 30, 1982, undercover agents of the Department of Public Safety met with Michael Benson at a Tucson bar. He offered to sell 100 pounds of marijuana for $650 a pound. The agents counteroffered $600. Benson said he would have to consult his connection and left the bar. He was followed in his green Mercury to a house where surveillance was established. Benson then returned to the bar and told the agents that $600 was acceptable if the agents would give him the cash before he went to get the marijuana. The agents again demurred and said they would have to receive the marijuana coincident with handing over the cash. Benson said he would have to telephone his connection and went toward the phone in the bar. He returned and said the transaction would have to be done in four increments. The agents said the sale must be accomplished in one exchange. Benson again went to the phone, then left the bar and returned to the house. The agents at the bar received a phone call from him saying the sale could be effected later that night. Benson then returned to the bar again in his Mercury and showed the agents one pound of marijuana. Arrangements were made to exchange the cash for the marijuana in the El Con shopping center parking lot at 9:30 that evening. Benson then returned to the house.

At 9:20 a Ford Torino and a gray Pontiac Firebird left the house. Both were seen shortly thereafter in the El Con parking lot. The Firebird drove around the lot several times before parking. Benson approached the agents and counted the money. He then left and went to the Firebird and spoke briefly to the defendant, Elredge Savant. Benson then drove the Torino to the agent's car. He opened the trunk of the Torino and showed the marijuana to the agents. He was then arrested. Defendant was arrested as he left the parking lot in the Firebird. He admitted that he was Benson's connection. He also consented to a search of his room at the house where an additional 8½ ounces of marijuana was recovered.

On these facts defendant was convicted of conspiracy to commit, and the substantive counts of committing, the unlawful offer to sell and unlawful transportation of marijuana. He was also convicted of possession of marijuana for sale. Because of three prior convictions and the fact that this offense was committed while on parole, the presumptive sentences he received for three counts were 15.75 years and for the fourth count ten years. All were to be served concurrently. He appeals. We have jurisdiction under A.R.S. § 13–4033.

Defendant contends first that the statements of Benson should not have been admitted because there was insufficient evidence, apart from those statements, of the existence of a conspiracy and of defendant's participation in it. *State v. Baumann,* 125 Ariz. 404, 610 P.2d 38 (1980).

That there was a conspiracy and defendant was a participant in it could fairly be inferred from Benson's need to consult to arrange the terms of the transaction, the use by him of two cars, the act of defendant in going to the place of sale at the same time but in a car separate from Benson, the defendant's conversation with Benson after Benson had been shown the money but before he delivered the marijuana, and defendant's effort to leave the parking lot after the arrest. See *State v. Martin,* 139 Ariz. 466, 679 P.2d 489 (1984). In addition, for purposes of establishing the foundation for the introduction of co-conspiratorial admissions, the trial court could consider the defendant's admission that he was a co-conspirator in the charged conspiracy. Finally, any statement by a co-conspirator meeting an independent hearsay exception would also be admissible for this purpose. The rule forbidding the introduction of co-conspirator's out-of-court statements to prove the existence of the conspiracy applies only when the sole ground for their admission is that they were in the course and furtherance of the conspiracy. In that instance, the "bootstrapping" problem arises, the use of the statements to prove the foundational facts that must be established before the statements can be used. It does not apply when the statements meet some other hearsay exception. See *Murphy Auto Parts Co. v. Ball,* 249 F.2d 508 (D.C.Cir.1957), *cert. denied,* 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958). Many of Benson's statements were statements of intention—I must consult my connection—independently admissible under Rule 803(3), Rules of Evidence, 17A A.R.S., to prove the doing of the intended act with the connection. *State v. Adamson,* 136 Ariz. 250, 257, 665 P.2d 972, 979, *cert. denied,* 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). Consultation and agreement with a colleague on the terms on which a criminal act will be carried out is, of course, the essence of a conspiracy.

■ Defendant's second contention is that there was insufficient evidence of the crime of conspiracy, the corpus delecti, to permit introduction of his admissions that he was a participant in that crime. For the reasons already stated, we hold that there was ample evidence to support a finding that the effort to sell the marijuana was not an individual enterprise by Benson. See *State v. Melendez,* 135 Ariz. 390, 661 P.2d 654 (App.1982). Defendant's admission of guilt was properly admitted.

■ Defendant also contends that the use of Benson's statements denied him his Sixth Amendment right to confrontation. Benson was unavailable because of his claim of the self-incrimination privilege at trial. It is only if the statements are unreliable, then, that any confrontation problem would arise. Ordinarily, statements meeting a firmly rooted hearsay exception, such as co-conspiratorial admissions or statements of intention, are considered sufficiently reliable to obviate confrontation difficulties. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *State v. Martin,* 139 Ariz. 466, 679 P.2d 489 (1984). That is true in this case. Indeed, some of Benson's reports of his connection's terms might also meet the hearsay exception for present sense impressions contained in Rule 803(1), Rules of Evidence, 17A A.R.S. See *United States v. Blakey,* 607 F.2d 779 (7th Cir.1979). In any event, the substantial contemporaneity of statement and event minimized the risks of misperception and misremembering and the quick corroboration of the statement reduced the risk of falsification. Admission of the statements did not violate the confrontation clause.

■ Finally, defendant argues that the evidence was insufficient to establish that the marijuana found in his bedroom was possessed for sale. Given the evidence of the defendant's participation in the El Con transaction, the jury could infer beyond a reasonable doubt that this additional marijuana was also possessed for purposes of sale.

The judgments and sentences are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.