702 P.2d 709

**The STATE of Arizona, Appellee,**

v.

**Myron Alayne WEIGEL, Appellant.**

**2 CA–CR 3545.**

Court of Appeals of Arizona,
Division 2, Department B.

April 4, 1985.
Review Denied May 29, 1985.

481

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

LIVERMORE, Judge.

On August 15, 1983, defendant was seen burglarizing a furniture store in Tucson. Later that evening a search warrant was executed at his apartment and the furniture taken was recovered. On these facts defendant was convicted of burglary and theft. Two prior convictions were established. The judge, finding that the offenses were committed while on parole, sentenced defendant to the presumptive sentence of 11.25 years on the theft count and five years on the burglary count, the sentences to run concurrently. We have jurisdiction of this appeal under A.R.S. § 13–4033.

When defendant was interviewed by a sheriff's officer, that officer said, "Myron, we have you solid. We know you attempted to burglarize the house and did burglarize the business. We have witnesses who saw you do both. I have a solid case on you." Defendant responded, "Yes, I know," but then denied his guilt. Defense counsel objected to introduction of the officer's statement on hearsay grounds and on the ground that it might suggest that there was other evidence of guilt beyond that to be presented to the jury in this trial. There was also a suggestion of irrelevance, the admission going to the existence of evidence not of guilt. The judge, at the request of defense counsel, limited proof to the officer's statement that he had a good case followed by defendant's acquiescence.

These objections are renewed on appeal. They remain groundless. The officer's statement is admitted not to prove the truth of what it asserts but to give meaning to defendant's agreement. See *State v. Corrales,* 138 Ariz. 583, 596, 676 P.2d 615, 628 (1983); *State v. Ceja,* 113 Ariz. 39, 42, 546 P.2d 6, 9 (1976). Defendant's response was an adoptive admission under Rule 801(d)(2)(B), Rules of Evidence, 17A A.R.S., manifesting his belief in the truth of what the officer said. Whether defendant's statement was an admission of guilt in the total context of the conversation was a question for the jury. It was more strongly probative before the statement was modified. Because this modification was at defendant's request, he cannot now complain on relevance grounds.

Defendant contends that error occurred in proving that he was on parole when the offenses in this case were committed. That issue was submitted to the jury. A parole officer testified that defendant was on parole on August 15, his parole being due to expire on August 21. Defense counsel suggested that perhaps that date had been miscomputed. The original jury hung. The issue was tried to a new jury and it found that the allegation was true. Defendant appears to make two arguments. First, he contends that only the original jury may try a sentencing enhancing allegation. Second, he asserts that the evidence was insufficient at the original proceeding and thus double jeopardy precludes retrial of the allegation.

There was no error in this case. Retrial before a new jury of an issue on which a former jury cannot reach agreement is permitted. It does not violate double jeopardy. *Richardson v. United States,* — U.S. —, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). In any event, whether defendant was on parole at the time of these offenses was a question for the court. *State v. Turner,* 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984). That the issue was unnecessarily submitted to a jury does not affect the validity of the court's finding that defendant was on parole.

The judgments and sentences are affirmed.

HATHAWAY and LACAGNINA, JJ., concur.