751 P.2d 980

**Steven A. TREVIZO and Mary A. Trevizo, husband and wife, Plaintiffs/Appellants,**

v.

**ASTEC INDUSTRIES, INC., a Tennessee corporation, Defendant/Appellee.**

No. 2 CA–CV 87–0279.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 3, 1987.

Review Denied April 12, 1988.

Rod Wood, Phoenix, for plaintiffs/appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry Smith, Michael W. Carnahan and Robert A. Royal, Phoenix, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

Plaintiff Steven Trevizo was severely burned when a tire supporting the drum of an asphalt hot mix plant ruptured, causing him to be sprayed with molten polyurethane. He sued the manufacturer of the hot mix plant, defendant Astec Industries, Inc., alleging both negligence and defective design. On this appeal from a defense verdict, he raises four evidentiary errors. We reverse.

On the day of the accident, Trevizo noticed grease leaking from a wheel bearing. He called the customer service representative of Astec and asked whether he could continue running the plant. Trevizo testified that the Astec representative said he could. The Astec representative testified that he told Trevizo to stop the machine and change the wheel assembly. If Trevizo's version of the conversation is correct, it would be difficult for Astec to argue, as it did, that the design was not defective because it could not reasonably foresee that a purchaser would misuse the wheel assembly by running it with a defective bearing. Trevizo's version also established an independent act of negligence by Astec's employee. It was undisputed that the ruptured tire resulted from the polyurethane being overheated from the heat generated by the defective bearing.

To bolster his version of the disputed conversation, Trevizo was allowed to testify that as he ended his telephone conversation with the Astec representative, he turned to three people next to him, a customer, a truck driver, and a co-employee, and told them that the Astec representative had said that it was safe to continue operating the plant. The trial court did not permit the three witnesses to testify because they would be reporting what Trevizo said out of court to prove the truth of what Trevizo said. On appeal, Trevizo contends that three sections of the hearsay rules permit the admission of this testimony.

It is first argued that Rule 801(d)(1)(B), Rules of Evidence, 17A A.R.S.,

permits the introduction of Trevizo's statement as a prior consistent statement offered to rebut a charge of recent fabrication or improper influence or motive. That rule is not applicable because no such charge was made. Instead it was argued that Trevizo wanted to hear that continued operation was permissible because he knew that his employer needed additional asphalt to fill orders placed for that day. This argument—"that he heard what he wanted to hear"—is not an assertion of fabrication; rather, it asserts misperception. As such, it is not addressed by the rule. Beyond that, the testimony of the three witnesses would not rehabilitate Trevizo. That he was consistent in his testimony from the event to trial does not tend to rebut that he consistently misperceived that to which he testified.

■ Plaintiff next argues that his post-conversation statement was admissible under Rule 803(3) to show his then existing state of mind, that he believed that it was safe to continue operations. That rule is also inapplicable. What is at issue in this case is not what Trevizo believed but what he was told. The rule expressly forbids the introduction of "a statement of ... belief to prove the fact ... believed." The only reason this statement was offered was to prove what Astec's representative said. For that purpose, it was inadmissible under Rule 803(3). See *State v. Christensen*, 129 Ariz. 32, 628 P.2d 580 (1981).

■ Plaintiff's final argument is that the statement was admissible under Rule 803(1) as "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." The requirements of this rule were met. A conversation, telephone or otherwise, is an "event" within the meaning of this rule. *United States v. Portsmouth Paving Corp.*, 694 F.2d 312 (4th Cir.1982); *United States v. Peacock*, 654 F.2d 339 (5th Cir. 1981); *United States v. Blakey*, 607 F.2d 779 (7th Cir.1979); *State v. Savant*, 146 Ariz. 306, 705 P.2d 1357 (App.1985). There

is no question that the statement was made "immediately" after the event. It was, therefore, error to exclude the testimony of the three witnesses as to the fact of the statement, and the error was prejudicial because it deprived the plaintiff of strongly corroborative evidence of his version of the event which was the central issue in the case.[1]

■ Plaintiff's second claimed evidentiary error was in the exclusion of prior accidents in Astec plants caused by the expansion of polyurethane from heating. Essentially the evidence was that Astec replaced aluminum wheels with ones made of steel, strengthened the bolts holding the wheels together, and replaced recapped tires with new ones. Plaintiff's theory was that these improvements left only the tire to rupture from overheated polyurethane. The trial court excluded the evidence on the ground that none of the accidents involved a failed wheel bearing. We believe this was error. The alleged design defect was the use of polyurethane in circumstances where its overheating caused machine damage. The evidence showed that it did and that Astec was aware of the risk. That the overheating came about in this case from running with a failing wheel bearing is immaterial. The injury resulted from the same design defect, and running with a defective bearing is neither unforeseeable nor extraordinary so as to excuse Astec. See *Rossell v. Volkswagen of America*, 147 Ariz. 160, 709 P.2d 517 (1985).

■ In view of the need for a new trial, we do not address plaintiff's claim that a subsequent remedial measure should have been admitted to prove the feasibility of a precautionary measure. We do, however, reach the claim that the trial court erred in not allowing into evidence pictures of the burns suffered by plaintiffs. We simply do not understand the argument that a civil trial jury cannot see the nature of the injuries inflicted because these injuries were horrible. Only in that way can counsel "make vivid for the trier the nature of

---

**1.** We note that the statement might also be admissible under Rule 803(24) if proper findings

were made. See *Robinson v. Shapiro*, 646 F.2d 734 (2d Cir.1981).

the injury and its consequences in terms both of pain and of impaired ability to perform everyday functions." M. Udall & J. Livermore, Arizona Practice: Law of Evidence § 82 at 168 (2d ed. 1982). The trial of a lawsuit is the trial of real events and injuries. It must not become a trial of verbal abstractions removed from reality.

Reversed.

ROLL and FERNANDEZ, JJ., concur.