753 P.2d 182

**STATE of Arizona, Appellee,**

v.

**Frederick Loring STANLEY, Appellant.**

**No. 2 CA–CR 87–0239.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 9, 1988.

Review Denied May 10, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

Deborah Bernini, Tucson, for appellant.

## OPINION

ROLL, Judge.

Defendant/Appellant Frederick L. Stanley appeals from his conviction for attempted first degree murder. For the reasons set forth below, we affirm.

### FACTS

On March 21, 1986, Kenneth Morgan, Todd Ford, and Stanley drove to the vicinity of a gravel pit in a desert area south of Tucson in order to conduct a drug transaction. At some point, a knife was produced and, although the accounts of Morgan and Stanley differ, Stanley slit Morgan's throat. Two of Morgan's fingertips were severed during the struggle. Morgan ran into the desert and eventually came upon a trailer, the occupants of which contacted paramedics who rendered emergency medical treatment to Morgan.

A physician testified that Morgan's anterior jugular veins were severed and that the knife wound penetrated to the sternocleidomastoid muscle on both sides of his neck.

When law enforcement officers searched the area of the struggle, they found an empty, freshly-dug grave a very short distance from the location of the struggle between Morgan and Stanley.

Morgan survived the injury and testified at trial that Stanley grabbed him from behind and slit his throat. Morgan said that two of his fingertips were severed when he tried to free himself from Stanley's grip.

Stanley also testified at the trial. He testified that he, Morgan, and Ford had gone to the desert to conduct a drug transaction. There, Morgan and Ford began arguing about money. The argument escalated into a fight. Morgan produced a knife and began to assault Ford. Eventually, Stanley and Morgan wrestled for the knife and Stanley prevailed. When Morgan reached into his pocket, Stanley believed that Morgan had a gun and lashed out at Morgan with the knife. Morgan then ran off.

## ISSUES ON APPEAL

On appeal, Stanley argues: (1) two photographs of Morgan's injuries were improperly admitted; and (2) testimony about three discussions was improperly admitted.

## ADMISSIBILITY OF PHOTOGRAPHS

■ Two photographs which depicted the knife wound sustained by Morgan in the desert were admitted into evidence. Other photographs were available but were not offered as evidence at trial. The photographs were not cumulative because they depicted different angles of Morgan's injuries.

■ Stanley argues that the probative value of the photographs was outweighed by their prejudicial impact. Inflammatory photographs may be admitted if they are relevant and if their probative value outweighs the danger of unfair prejudice. *State v. Rivera,* 152 Ariz. 507, 515, 733 P.2d 1090, 1098 (1987); *State v. Bracy,* 145 Ariz. 520, 533, 703 P.2d 464, 477 (1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 898, 88 L.Ed.2d 932 (1986). The trial court's determination regarding admissibility will not be disturbed absent a clear abuse of discretion. *State v. Rivera,* 152 Ariz. at 515, 733 P.2d at 1098.

Although Stanley relies upon *State v. Chapple,* 135 Ariz. 281, 660 P.2d 1208 (1983), *Chapple* is readily distinguishable. In *Chapple,* the defendant did not contest any of the facts of how the three victims were killed, but rather denied any involvement. In the matter before us, the primary issue before the jury was whether Stanley intended to kill Morgan or was merely acting in self-defense. We have reviewed the photographs and they are clearly of probative value in assisting the jury to decide whether Morgan's throat was slit from behind or resulted from frontal defensive conduct by Stanley. The trial court did not abuse its discretion in admitting these photographs.

## ADMISSIBILITY OF CONVERSATIONS

Stanley argues that evidence of three separate conversations was improperly admitted.

### a. First Conversation

During March of 1986, Todd Ford told David Stiles that Ford was going to kill Morgan because it "[w]ould take care of a lot of his problems...."

### b. Second Conversation

On March 21, 1986, before Morgan, Ford, and Stanley went to the desert to conduct the drug transaction, Stiles was present during a conversation between Ford and Stanley. Stiles described the conversation as follows:

A The subject of the conversation between Todd [Ford] and Rick [Stanley] was about going out in the desert somewhere and taking some drugs from Mr. Morgan.

\* \* \* \* \* \*

Q Did they mention how they were going to take the drugs from Mr. Morgan?

A They mentioned they were going to attempt to kill him.

### c. Third Conversation

On March 22, 1986, the day after Morgan sustained his serious injuries in the desert, Stiles spoke with Ford and Stanley in a park. Stiles testified as follows:

A They said—I don't know, I don't know which exactly said, but Rick [Stanley] had gotten behind Kenny Morgan and tried to slice his throat.

Q When they were telling you this, were they both telling you the story?

A I'm not for sure.

Q Did either one of the two of them deny that's what happened?

A No.

Q And they were both together when that was being said?

A This is correct.

\* \* \* \* \* \*

A They told me that they had been out in the desert and that they were going to try and make a drug deal and that

the—then Kenny was running around looking in bushes because he was all paranoid and that Rick had come up behind Kenny and sliced his throat, Kenny fell and ran. That's what they said had happened.

The state maintains that all three discussions constitute statements of co-conspirators. We disagree. In order for hearsay statements of co-conspirators to be admissible against a defendant, the state must establish: (1) the existence of a conspiracy; (2) the defendant's connection to the conspiracy; (3) that the statements were made in the course of the conspiracy by a co-conspirator; (4) that the statements were made in furtherance of the conspiracy; and (5) satisfaction of the Confrontation Clause.[1] *State v. Martin,* 139 Ariz. 466, 679 P.2d 489 (1984); *State v. Savant,* 146 Ariz. 306, 705 P.2d 1357 (App.1985); Ariz.R.Evid., 801(d)(2)(E), 17A A.R.S. A conspiracy need not be charged in order for statements of co-conspirators to be admitted as evidence. *State v. Baumann,* 125 Ariz. 404, 411, 610 P.2d 38, 45 (1980).

The statement made by Ford to Stiles regarding Ford's intent to kill Morgan did nothing to further the conspiracy and, accordingly, was therefore not admissible as the statement of a co-conspirator. Ariz.R.Evid., 801(d)(2)(E), 17A A.R.S.; *State v. Yslas,* 139 Ariz. 60, 63–64, 676 P.2d 1118, 1121–22 (1984). This mere conversation or idle chatter should not have been admitted. *United States v. Fielding,* 645 F.2d 719, 725–28 (9th Cir.1981).

During the second conversation, which occurred the day that Morgan was severely injured, Ford and Stanley discussed in Stiles' presence their plan to rob Morgan and then kill him. Stiles described this conversation as "a discussion figuring things out."

This conversation was admissible for two reasons. The efforts of Ford and Stanley to arrive at a plan to rob and murder Morgan were clearly in furtherance of the conspiracy. *Yslas, supra.* In addition, because Stanley was present and participated in the discussion, this conversation was also admissible as Stanley's admissions. Ariz.R.Evid., 801(d)(2)(A), 17A A.R.S.; *State v. Thomas,* 104 Ariz. 408, 410–11, 454 P.2d 153, 155–56 (1969); *Ruth v. Rhodes,* 66 Ariz. 129, 135, 185 P.2d 304, 308 (1947); M. Udall and J. Livermore, *Arizona Practice: Law of Evidence,* § 125, p. 257–58 & n. 24 (2d ed. 1981).

The third conversation, which occurred March 22, 1986, involved a discussion among Stanley, Ford, and Stiles regarding what had happened with Morgan during the previous evening. These statements were not admissible as statements of co-conspirators. The statements were not made in furtherance of the conspiracy. *United States v. Register,* 496 F.2d 1072, 1079 (5th Cir.1974), *cert. denied, sub nom. Cochran v. United States,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 819 (1975); *Hornsby v. United States,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 819 (1975); *Yslas, supra.* When this conversation took place, the robbery and attempted homicide were over. In addition, there is no claim that these statements were made as part of a discussion to conceal the conspiracy. Although not admissible as co-conspirators' statements, because Stanley was present and participated in the discussion, these statements also constituted admissions by Stanley. *State v. Weigel,* 145 Ariz. 480, 481, 702 P.2d 709, 710 (App.1985): *Thomas, supra; Rhodes, supra;* Udall and Livermore, *supra.*

The trial court did not abuse its discretion in admitting the two conversations in which Stanley participated. The remaining conversation, between Ford and Stiles, was cumulative. In addition, Ford did not mention Stanley during this discussion. Admission of this conversation constituted harmless error. *State v. Ramirez,* 142 Ariz. 171, 176–77, 688 P.2d 1063, 1068–69 (App.1984); *State v. Hutchinson,* 141

---

1. This prong of admissibility has recently been addressed in *Bourjaily v. United States,* —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) and *United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986).

Ariz. 583, 587–88, 688 P.2d 209, 213–15 (App.1984).

We have reviewed the entire record for fundamental error and have found none. We affirm the conviction and sentence.

LIVERMORE, P.J., and
FERNANDEZ, J., concur.