NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOAQUIN RAMIREZ TORRES, *Appellant*.

No. 1 CA-CR 25-0093

FILED 05-11-2026

Appeal from the Superior Court in Maricopa County
No.  CR2023-000550-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christine Davis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joshua Messick
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Randall M. Howe joined.

---

**F A B I A N**, Judge:

¶1        Joaquin Ramirez Torres appeals his convictions for two counts of possession of narcotic drugs for sale, arguing that (1) the superior court's admission out-of-court statements of a coconspirator violated the Confrontation Clause of the United States Constitution and (2) his convictions violated the Double Jeopardy Clause of both the Arizona and United States Constitutions. Because statements made in furtherance of a conspiracy are not testimonial by their nature, their admission did not violate the Confrontation Clause. Furthermore, Torres's two convictions did not violate either Double Jeopardy Clause because they were based on separate and distinct violations of the applicable statute.[1] The convictions are affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        This Court views the facts in the light most favorable to upholding the jury's verdicts. *State v. Duncan*, 257 Ariz. 360, 366 ¶ 2 (App. 2024). In February 2023, an undercover law enforcement officer communicated through Facebook with "Abraham" and negotiated a drug transaction for 5,000 fentanyl pills. Abraham requested a phone number so "ma boi can tell where to meet up" and explained "Yo la boi don't know that much English." The officer provided Abraham the phone number of a Spanish-speaking officer.

¶3        An unknown Spanish-speaking male then called the Spanish-speaking officer from a Mexican phone number. The Mexican phone number also texted a screenshot of a location in Phoenix for the drug transaction ("Apartment 3"). During one of the calls, the Spanish-speaking

---

[1] Because the Double Jeopardy Clause in the Arizona Constitution is coextensive with the Double Jeopardy Clause of the United States Constitution, this Court analyzes Double Jeopardy claims under both constitutions identically. *State v. Rios*, 252 Ariz. 316, 320 ¶ 14 n.3 (App. 2021).

male instructed the officer to meet someone wearing a sombrero and a green shirt. None of the communications from the Mexican phone number were retained or recorded. There was no investigation to trace the Mexican phone number or the original Facebook account through which Abraham communicated.

¶4 Based on that information, law enforcement investigated the location. One officer saw Torres, wearing a green shirt and sombrero, exit Apartment 3 and get into a black Chevrolet Tahoe. Another officer observed Torres sitting in the Tahoe parked just south of Apartment 3. Later, after backup arrived, the police approached the Tahoe and found it empty. The car alarm went off and Torres reached out of Apartment 3 with a key fob to turn it off. Police then approached Apartment 3 and urged Torres to come out.

¶5 Torres came out and officers searched him. In his pockets, officers found a key to the Tahoe and $7,768. In the Tahoe, there were bags of fentanyl ready for distribution and matching the amount negotiated for in the Abraham transaction. In Apartment 3, there was methamphetamine, money, firearms, more fentanyl, and a sombrero.

¶6 The grand jury indicted Torres on two counts of possession of narcotic drugs for sale, possession of dangerous drugs for sale, money laundering in the second degree, and two counts of misconduct involving weapons. The first count of possession of narcotic drugs for sale was for fentanyl found in the vehicle. The second was for fentanyl found in the residence.

¶7 Before trial, the State sought to introduce the communications from Abraham and the unknown Spanish-speaking male as coconspirator statements under Rule 801(d)(2)(E) of the Arizona Rules of Evidence. The court granted the motion, finding:

> [U]nder Rule 801(d)(2)(E) the statements contained in State's Notice of Intent are admissible and are not hearsay because the statement is offered against an opposing party and was made by the parties' co-conspirator during and [in] furtherance of the conspiracy.

¶8 The statements were entered during trial with no objection. The jury found Torres guilty of two counts of possession of narcotic drugs for sale.

**¶9** Before sentencing, the court ordered the parties to submit a memorandum on their positions on whether charging Counts 1 and 2 together violated the Double Jeopardy Clause. Torres did not take a position. The court found:

> [B]ecause [the drugs] were found in the vehicle and in the house, the mobile nature of the vehicle, the fact that the deal that was set up by the undercover officers involved the drugs that were found in the vehicle, or at least a portion of those drugs were involved in that deal, that the Court believes there is enough separation between Counts 1 and 2 for it to continue as separate counts.

**¶10** The superior court sentenced Torres to concurrent terms for all six counts. This Court has jurisdiction over Torres's timely appeal under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### I.   The Court Properly Admitted Statements Made in Furtherance of the Conspiracy.

**¶11** Torres argues the superior court's admission of out-of-court statements of Abraham and the Spanish-speaking male violated the rule against hearsay and his constitutional right to confrontation. This Court reviews the admission of out-of-court statements for an abuse of discretion and whether such admissions violate the United States Constitution and the rules of evidence *de novo*. *See State v. Payne*, 233 Ariz. 484, 502 ¶ 49 (2013). "Without proper objection at the trial an error in the admission of evidence is not subject to review unless it constitutes fundamental error." *State v. Viertel*, 130 Ariz. 364, 366 (App. 1981).

#### A.   Admission of Statements Made in Furtherance of the Conspiracy Did Not Violate the Rule Against Hearsay.

**¶12** Generally, out-of-court statements offered to prove the truth of the matter asserted within them are inadmissible hearsay. Ariz. R. Evid. 801(c). However, under Arizona Rule of Evidence 801(d)(2)(E) a coconspirator's statement is considered an "opposing party's statement," which is not hearsay when: (1) a conspiracy involving declarant and defendant exists and (2) the declarant made the statement during the course of and in furtherance of the conspiracy. *See State v. Baumann*, 125 Ariz. 404, 411 (1980); *State v. Dunlap*, 187 Ariz. 441, 458 (App. 1996). Proof of

conspiracy requires evidence "independent of the statements of the co-conspirators." *State v. Lycett*, 133 Ariz. 185, 193 (App. 1982). Although coconspirator statements cannot alone support a *prima facie* showing of conspiracy, they can be considered together with independent evidence. Ariz. R. Evid. 801(d)(2)(E).

¶13 Here, sufficient evidence showed that Abraham, the unidentified Spanish-speaking male, and Torres were involved in a conspiracy to sell fentanyl. An officer testified about a negotiation for the sale of a specific quantity of fentanyl with Abraham. Another officer testified that a contact Abraham provided sent a location for the transaction to take place. Torres was at that location and had the keys to the Tahoe, which contained an amount of fentanyl matching the amount that Abraham negotiated to sell. The evidence, together with all reasonable inferences, constitutes sufficient foundational proof of a conspiracy.

¶14 Torres argues the statements do not fall under Rule 801(d)(2)(E) because the statements were made by an unidentified declarant to a law enforcement officer. However, the Rule does not require that the coconspirator be identified. *See* Ariz. R. Evid. 801(d)(2)(E); *accord* Fed. R. Evid. 801(d)(2)(E); *see also United States v. Lyons*, 740 F.3d 702, 719 (1st Cir. 2014) ("Records that can be shown by a preponderance of the evidence to have been made by a member of a conspiracy may be admitted under Rule 801(d)(2)(E) even if their precise author cannot be identified."). And "there is no requirement that the person to whom the statement is made also be a member" of the conspiracy. *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir. 1989); *State v. Savant*, 146 Ariz. 306, 307-08 (App. 1985) (statements made to undercover agents admissible as coconspirator statements).

### B. Admission of Statements Made in Furtherance of the Conspiracy Did Not Violate the Confrontation Clause.

¶15 Torres also argues the admission of the statements violated the Confrontation Clause because the State did not make an adequate showing of witness unavailability or reliability. "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (quoting U.S. Const. amend. VI.); *accord* Ariz. Const. art. II, § 24.

¶16 However, a statement made in furtherance of conspiracy is by its nature nontestimonial. *See Crawford*, 541 U.S. at 55. And nontestimonial

statements are not subject to the Confrontation Clause. *See id.* at 68-69. Thus, "there can be no separate Confrontation Clause challenge to the admission of a co-conspirator's out-of-court-statement." *Bourjaily v. United States*, 483 U.S. 171, 183 (1987); *see also State v. Tucker*, 231 Ariz. 135, 144 ¶ 49 (App. 2012) ("[T]here is no requirement that a coconspirator's statement satisfy the Confrontation Clause to be admissible."). Because the State showed the statements were admissible under Rule 801, it was not required to make a showing of unavailability. *See Crawford*, 541 U.S. at 68 ("Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law."); Ariz. R. Evid. 801 (does not require unavailability showing for admission of statements that are not hearsay). Nor does a court need to "embark on an independent inquiry into the reliability of such statements." *Bourjaily*, 483 U.S. at 183-84.

**¶17** Torres's reliance on *State v. Stanley*, 156 Ariz. 492 (App. 1988), which in turn was based on *Ohio v. Roberts*, 448 U.S. 56 (1980), is misplaced. The holding in *Ohio v. Roberts*—that the Confrontation Clause is violated by out-of-court statements unless the declarant is unavailable and the statement bears "adequate indicia of reliability"—is no longer good law following *Bourjaily* and *Crawford*. 448 U.S. at 66.

## II. The Double Jeopardy Clause Does Not Preclude Torres's Convictions.

**¶18** Torres was convicted of two counts of possession of narcotic drugs for sale in violation of A.R.S. § 13-3408(A)(2). Count 1 was for fentanyl found inside a vehicle. Count 2 was for fentanyl found inside a residence. Torres argues this violated the Double Jeopardy Clause because the "only difference between the two charges is the location of the fentanyl."

**¶19** The Double Jeopardy Clause precludes convicting a defendant multiple times under the same statute for the same criminal offense. U.S. Const. amend. V; Ariz. Const. art. II, § 10; *State v. Jurden*, 239 Ariz. 526, 529 ¶¶ 10-11 (2016). This is true even where the sentences are concurrent. *State v. Brown*, 217 Ariz. 617, 621 ¶ 13 (App. 2008). "The touchstone for whether conduct comprises a single offense is whether a series of actions violates a criminal statute in sufficiently 'separate and distinct' ways." *State v. Moninger*, 258 Ariz. 18, 22 ¶ 12 (2024). Whether conduct violates a statute in separate and distinct ways depends on the relevant statute's allowable unit of prosecution. *Id.*

¶20 This Court reviews a statute's allowable unit of prosecution *de novo. Id.* at 21 ¶ 10. This Court first looks to the statute's text, applying the text as written if it is unambiguous. *Id.* at ¶ 13.

¶21 Because the statute here contains no express definition, this Court must engage in the allowable unit of prosecution analysis recently clarified by the Arizona Supreme Court in *Moninger.* The first step is to identify the object of the statutorily prohibited conduct. *Id.* at 24 ¶ 26. A series of actions that involve factually separate and distinct object(s) will violate a statute multiple times, ending the analysis. *Id.* This is a purely legal question. *Id.* at 21 ¶ 11.

¶22 If the same objects are involved, the second step involves the application of "a totality approach to determine whether a series of actions involving the same objects are sufficiently separate and distinct to violate the same statute multiple times." *Id.* at 24 ¶ 27. "Courts should consider non-exhaustive factors like time, location, and intervening occurrences." *Id.* This is a mixed question of fact and law. *Id.* at 21 ¶ 11.

¶23 To identify the object of the statutorily prohibited conduct, this Court must first identify the verb associated with "the conduct, act, or omission that is the active component of the crime" and the object of that verb. *Id.* at 23 ¶¶ 17-20. Here, the conduct proscribed by A.R.S. § 13-3408(A)(2) is to "knowingly" "[p]ossess a narcotic drug for sale." Thus, the proscribed action is to "possess." And the object of possess is "a narcotic drug for sale." The conduct charged under Count 1 and Count 2 involved the same object—a narcotic drug (fentanyl) for sale.

¶24 Because the same object is involved, this Court will look to the totality of the circumstances "to determine whether a series of actions concerned with the same object(s) may be divided into multiple courses of conduct." *Id.* at 24 ¶¶ 24-25. The totality of the circumstances includes "(1) the lapse of time, (2) the geographic locations involved, and (3) whether an intervening occurrence has interrupted or materially altered" the criminal conduct. *Id.* at ¶ 25. Intervening occurrences include "situations that objectively indicate a factually and materially distinguishable criminal impulse." *Id.*

¶25 Here, the conduct underlying Count 1 and Count 2 was separate and distinct under the totality of the circumstances. The fentanyl was found in separate locations. The fentanyl in the Tahoe was packaged in 10 bags with 5,000 pills each and matched the negotiated amount, ready to

7

be transported and sold. In contrast, the fentanyl in Apartment 3 was not measured nor ready to be distributed. There were substantially more fentanyl pills—200,000—in Apartment 3, which supports an inference that it was inventory for other sales to come.

**¶26** Other courts have held that under similar facts, albeit under different standards, dual charges do not violate the Double Jeopardy Clause when the same drug is found in different locations on the same day. *See Hunter v. Ryan*, No. CV-14-2018-TUC-DTF, at *10 (D. Ariz. Oct. 30, 2014) (Double Jeopardy Clause did not preclude defendant from being convicted separately for drugs found in different locations and different packaging); *State v. Jones*, 97-2217, p. 6-9 (La. App. 4 Cir. 2/24/99), 731 So.2d 389, 393-95 (dual convictions for possession of drugs with intent to distribute did not violate the Double Jeopardy Clause where drugs were found in separate locations).

**¶27** Under the totality of the circumstances, Torres's convictions did not violate the Double Jeopardy Clause.

## CONCLUSION

**¶28** Because the coconspirators' statements were not hearsay under Rule 801(d)(2)(E), they were by their nature nontestimonial and their admission did not violate the Confrontation Clause. Nor did Torres's conviction for two counts under A.R.S. § 13-3408(A)(2) violate the Double Jeopardy Clause. This Court affirms.

