[Crim. No. 1077. Second Appellate District, Division One.—June 14, 1924.]

## THE PEOPLE, Respondent, v. FRANK ELLENA, Appellant.

[1] CRIMINAL LAW—DRIVING AUTOMOBILE WHILE INTOXICATED—CORPUS DELICTI—EVIDENCE—CONFESSIONS.—In this prosecution upon a charge of driving an automobile upon a public highway while under the influence of intoxicating liquor, the *corpus delicti* of the offense consisted in the proof of the ultimate facts that the automobile in question was being driven on a public highway by some person who was then and there under the influence of intoxicating liquor; and the *corpus delicti* was established by the testimony of one of the witnesses to the effect that immediately after the accident he saw defendant and his brother get out of the front seat of the automobile and that at that time each of them was under the influence of intoxicating liquor, coupled with other evidence which tended to show that of the party of six people, two men and a young woman were riding on the front seat of the automobile at the time the accident occurred, and that all of them were intoxicated.

[2] ID.—CONFESSION—ORDER OF PROOF.—In such a prosecution, it is not reversible error for the prosecution before it has fully proven the commission of the criminal offense, to introduce testimony as to the admission or confession by defendant that it was he who was driving the automobile at the time the accident occurred, where, aside from such admission or confession, the commission of the criminal offense is satisfactorily established by independent evidence.

[3] ID.—PROOF OF INTOXICATION.—In such a prosecution, in order to show that a criminal offense was committed, it is necessary to establish the fact that the driver of the automobile was under the influence of intoxicating liquor, and this may be done by showing that all the persons riding on the front seat of the automobile were drunk at the time it was alleged that the automobile was being driven on a public highway.

[4] ID.—ERRONEOUS CROSS-EXAMINATION BY JUDGE—ABSENCE OF PREJUDICE.—On appeal from the judgment of conviction in such a

1. Liability of person operating automobile while intoxicated, note, L. R. A. 1917A, 313.

2. Use of confession in aid of other evidence to establish *corpus delicti*, note, 68 L. R. A. 73. See, also, 8 Cal. Jur. 167; 1 R. C. L. 585.

4. Court's right to examine witnesses, note, 6 Ann. Cas. 477. See, also, 8 Cal. Jur. 599; 28 R. C. L. 587.

prosecution, where no specific error is charged and appellant does not argue the question or cite authority in support of his contention that the trial judge was guilty of misconduct in cross-examining one of the witnesses and in so doing asking immaterial questions on matters which had theretofore been fully covered by cross-examination by the district attorney, it must be assumed that at least no prejudicial error exists.

[5] ID.— IDENTIFICATION OF MAP — QUALIFICATION OF WITNESS. — In such prosecution, whatever error arose from the action of the trial court in allowing a witness to testify concerning the making of a map of the scene of the accident, and in permitting the map to be used as an exhibit in the case, over defendant's objection that the witness was not qualified for making the map and that it was not connected up in such a way that it could be identified, was not prejudicial to defendant where it was shown that at the time the map was made, and for about seven years preceding that time, the occupation of the witness was that of a deputy county surveyor in the county where the accident occurred, and that he made the map from notes taken by himself at the place where the accident occurred, and after defendant's objection to the introduction of the map was overruled, a great deal of evidence was received, without objection from any source, which clearly identified the map and authorized its use as an exhibit in the case.

[6] ID.—ERRONEOUS RULINGS ON EVIDENCE—INSUFFICIENT SPECIFICATIONS.—A specification of error that, inasmuch as the evidence as to certain statements made by defendant "and objections thereto are somewhat lengthy and in the interest of space, we desire to call the court's attention to said evidence, objections and court's rulings thereon, as contained in this brief," beginning at a certain page, to a specified page, is not entitled to serious consideration, where an examination of appellant's reference to the matter discloses that such testimony covers many pages in the brief, in which may be noted many objections made by counsel for defendant, some·of which objections were sustained and others overruled, and appellant does not point out which of said rulings are considered by him as being erroneous, and he does not furnish the court with either argument or authority to sustain his position.

[7] ID.—ERRONEOUS INSTRUCTION ON QUESTION OF FACT—ABSENCE OF PREJUDICE.—In such a prosecution, while an instruction "that the admission or admissions made by defendant at the time immediately subsequent to the act committed is not sufficient of itself to find defendant guilty, and that such admission or admissions must be corroborated by evidence direct or circumstantial of the fact of the action having been committed as charged," standing

---

5.   See 8 Cal. Jur. 135; 10 Cal. Jur. 894; 10 R. C. L. 1152.
6.   See 8 Cal. Jur. 544; 2 R. C. L. 177.
7.   See 8 Cal. Jur. 628; 14 R. C. L. 812.

by itself, and without taking into consideration other instructions, trenches upon the constitutional provision (sec. 19, art. VI) which forbids judges to charge juries with respect to matters of fact, the giving of such instruction does not constitute prejudicial error, where, in other instructions, the jurors are told that the burden of proof is upon the people to establish the facts beyond a reasonable doubt, that they are the sole and exclusive judges of all questions of fact and of the weight of evidence and the credibility of witnesses, and that if the court has given expression to anything which would seem to indicate that the court had an opinion with reference to the facts, such expression was to be entirely disregarded by the jury.

[8] ID.—MISCONDUCT OF DISTRICT ATTORNEY—CROSS-EXAMINATION OF WITNESS—INTEREST—IMPEACHMENT.—In such a prosecution, the district attorney is not guilty of misconduct prejudicially affecting defendant's rights by reason of his action in asking one of the young women who was riding in the automobile at the time of the accident a series of questions relating to the payment of money to the witness, or the bringing of an action against the defendant, as such examination is proper for the purpose of showing interest on the part of the witness; and it will not be presumed that the district attorney was acting in bad faith in laying the foundation for the impeachment of said witness, by questioning her with reference to the making of certain statements, and then not calling as a witness the person to whom said witness was supposed to have made the statements in question.

[9] ID.—IMPROPER COMMENT BY DISTRICT ATTORNEY—INSTRUCTIONS TO DISREGARD.—The appellate court will not hold that a miscarriage of justice resulted from the misconduct of the district attorney, during his argument to the jury, in commenting upon the good faith of counsel for defendant in putting defendant on the stand and then asking him "but a single question, knowing that the rules of evidence and procedure clothe the defendant with protection so that we cannot further interrogate beyond the matter involved in that question," where the trial court, in response to an objection made by defendant's attorney to the aforesaid statement and a request that it be stricken from the record, instructed the jury to "disregard that portion of the argument relative to his testimony, the same as though it had not been made."

---

(1) 16 **C. J.**, p. 737, sec. 1514; 28 **Cyc.**, p. 50.   (2) 16 **C. J.**, p. 737, sec. 1514.   (3) 28 **Cyc.**, p. 50.   (4) 17 **C. J.**, p. 276, sec. 3607.   (5) 16 **C. J.**, p. 745, sec. 1529.   (6) 17 **C. J.**, p. 188, sec. 3497.   (7) 16 **C. J.**, p. 1053, sec. 2495.   (8) 40 **Cyc.**, p. 2652.   (9) 16 **C. J.**, p. 917, sec. 2271.

8.  See 8 Cal. Jur. 256, 621, 626; 2 R. C. L. 242.
9.  See 8 Cal. Jur. 623.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Warmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. W. Bartlett and Jesse R. Shafer for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted of the offense of driving an automobile upon a public highway at a time when defendant was under the influence of intoxicating liquor. He appeals from the judgment and from an order denying his motion for a new trial.

In brief, as shown by the evidence, the facts were that defendant and five other persons were riding in an automobile, from which, by reason of the careless manner in which it was driven, three of them were thrown to the highway, resulting in the death of one of such persons and the serious injury of one of the others.

[1] The first point made for reversal of the judgment is that the *corpus delicti* was not established. In this connection it is urged that the *corpus delicti* of the offense with which defendant was charged consists in the proof of the ultimate facts that the automobile in question was being driven on a public highway by some person who was then and there under the influence of intoxicating liquor. In this regard, the only question which is raised goes to the sufficiency of the evidence tending to establish the fact that the driver of the automobile was under the influence of intoxicating liquor. The testimony of one of the witnesses was to the effect that immediately after the accident occurred he saw defendant and his brother get out of the front seat of the automobile and that at that time each of them was under the influence of intoxicating liquor. Other evidence tended to show that of the party of six people, two men and a young woman were riding on the front seat of the automobile at the time the accident occurred, and that all of them were intoxicated; from which it follows that the *corpus delicti* was established.

[2] Before the commission of a criminal offense had been fully proven testimony was introduced as to the admission or confession by defendant that it was he who was driving the automobile at the time the accident occurred. Some authorities are cited by appellant to the effect that, in the first instance, a confession cannot be used to aid the prosecution in its proof that a crime has been committed; or, in other words, that before the *corpus delicti* is established, a confession of defendant that he committed the offense is inadmissible. While the broad general principle for which appellant contends is recognized as good law, it is also a well-settled rule that the order of proof in such circumstances is of no great consequence, provided that aside from such confession the commission of the criminal offense be established by independent evidence. (8 Cal. Jur. 235, and cases cited.) And the testimony of the several witnesses herein satisfactorily shows that with reference to any confession or admission by defendant all the facts necessary to the proof of the *corpus delicti* were introduced in evidence.

[3] Error is predicated upon the order of the court overruling an objection to a question asked a witness as to whether or not defendant and his brother and the young woman, who were riding on the front seat of the automobile, were intoxicated immediately after the accident occurred. As before indicated, in order to show that a criminal offense had been committed it was necessary to establish the fact that the driver of the automobile was under the influence of intoxicating liquor, which could properly be done by showing that all the persons riding on the front seat of the automobile were drunk at the time it was alleged that the automobile was being driven on a public highway.

[4] It is also urged that error was committed by the judge of the trial court in that he cross-examined one of the witnesses and in so doing asked several immaterial questions on matters which had theretofore been fully covered by cross-examination by the district attorney. No specific error is charged, nor does appellant either argue the question or cite authority in support of his contention. In such circumstances, it must be assumed that at least no prejudicial error exists.

[5] It is next contended by appellant that the trial court erred in allowing a witness to testify concerning the making

of a map of the scene of the accident, and in permitting the map to be used as an exhibit in the case. At the trial defendant's counsel objected ''to the map being put upon the board or shown to the jury at the present time until it is connected up in such a way so that it can be identified, if there is anything in regard to the accident or where it occurred; we object to it for the reason that the witness is not qualified for making the map on December 20th.'' With reference to the qualifications of the witness, it was shown that at the time the map was made, and for about seven years preceding that time, his occupation was that of a deputy county surveyor in San Bernardino County, and that he had made the map from notes taken by himself at the place where the accident occurred. His qualifications, therefore, in the premises were satisfactorily shown. After defendant's objection to the introduction of the map was overruled, a great deal of evidence was received, without objection from any source, which clearly identified the map and authorized its use as an exhibit in the case. Whatever error existed when the map was first offered was not prejudicial to defendant's rights and was certainly cured by evidence which was introduced going to the point of defendant's objection.

[6] The trial court admitted in evidence certain statements made by defendant. In connection therewith, appellant presents a further specification of error as follows: ''Inasmuch as the aforesaid evidence and objections thereto are somewhat lengthy and in the interest of space, we desire to call the court's attention to the said evidence, objections and court's rulings thereon, as contained in this brief, beginning at page 10-b, line 2, to page 12-a, line 4.'' An examination of appellant's reference to the matter discloses that such testimony covers eight pages of the brief, in which may be noted many objections made by counsel for defendant to questions propounded to the witnesses, some of which objections were sustained and others of which were overruled. The entire testimony of the several witnesses from which excerpts are copied into appellant's brief, as heretofore noted, is contained in approximately forty pages of the reporter's transcript of the evidence received at the trial. Appellant does not point out which of such rulings are considered by him as being erroneous, nor does he furnish this

court with either argument or authority to sustain his position as to any of such objections, but contents himself with such a specification of error as is hereinbefore set forth. Such an unsupported generalization with reference to alleged error is not entitled to serious consideration.

[7] Appellant further complains of the action of the trial court in instructing the jury as follows: "I instruct you that the admission or admissions made by defendant at the time immediately subsequent to the act committed is not sufficient of itself to find the defendant guilty, and that such admission or admissions must be corroborated by evidence direct or circumstantial of the fact of the act having been committed as charged."

While it is true, as appellant urges, that there is an implied statement of fact contained within the foregoing instructions in that it is indirectly stated therein that defendant made an admission "immediately subsequent to the act committed," the testimony given by three witnesses, which was not contradicted either by defendant or by any of his witnesses was to the effect that at a time within two hours after the accident occurred defendant admitted that he was the driver of the automobile in question. The instruction standing by itself, and without taking into consideration other instructions given by the court to the jury, trenches upon the constitutional provision (sec. 19, art. VI), which forbids judges to charge juries with respect to matters of fact. But it is a rule, supported by numerous authorities, that in construing a given instruction it must be taken, not as a separate statement of the law applicable to the case, but that its true intent and meaning must be ascertained by considering it as a part of the entire body of instructions. In the instant case, among other instructions, the jury was told that "the jury are the judges of the effect and value of the evidence"; that "the jurors are the sole judges of all questions of fact and of the credibility of witnesses." The jury was also instructed that "the burden of proof is with the plaintiff, and to sustain a verdict of guilty the defendant must be proven guilty beyond a reasonable doubt"; and the jury was further twice instructed, in effect, that if it believed from the evidence in the case beyond a reasonable doubt that defendant did operate and drive a motor vehicle at a time as alleged in the information and while he was

67 Cal. App.—44

under the influence of intoxicating liquor, it would become the duty of the jury to find defendant guilty. Furthermore, the jury was given the instruction that "You are the sole and exclusive judges of the weight of evidence and the credibility of witnesses, and it is your function to determine all questions of fact arising from the evidence in the case. With the facts the court has nothing to do. I have not expressed, nor intend to express, nor have I intimated or intend to intimate any opinion as to what witnesses are, or are not, worthy of credence; what facts are, or are not, established; or what inferences are to be drawn from the evidence adduced. If any expression of mine has seemed to indicate an opinion relating to any of these matters such expression must be entirely disregarded by you.

"But while you are the sole and exclusive judges of the facts and of the weight of evidence, you are to judge of the facts upon the testimony and other evidence produced here in court. . . . "

It thus appears that, while by inference the judge told the jury that defendant had made certain admissions, the jury was also informed that the burden was on the people to establish such facts beyond a reasonable doubt, and that the jury was the sole judge of the degree of credit to be accorded the witnesses in the case. Moreover, that the court had nothing to do with deciding the facts or with any inferences which might be drawn therefrom, and that if the court had given expression to anything which would seem to indicate that the court had any opinion with reference thereto, such expression was to be entirely disregarded by the jury. In such circumstances it would seem most improbable that the jury was misled by reason of the inference which might have been drawn by the jury from the criticised instruction to the effect that, as a matter of fact, defendant had made certain admissions.

[8] It is charged that the district attorney who represented the people on the trial of the action was guilty of misconduct which prejudicially affected defendant's rights and by reason of which a new trial should be granted. The first specification of alleged misconduct by the district attorney consists in the asking by him of a series of questions of one of the young women who was riding in the automobile at the time the accident occurred as to whether or not she

had been receiving money from the Ellenas (supposedly referring to defendant's family); also as to whether or not a settlement of any claim by the witness for damages against the Ellenas had been made, or a lawyer had been employed to represent the witness in any proposed action for damages against the Ellenas; and finally whether or not, at a specified time and place in the presence of a certain lawyer, witness had stated that she and her sister and Mitchell (the man who was killed in the accident) were riding in the back seat of the automobile at the time the accident occurred. Manifestly, each of the questions relating to the payment of money to the witness, or the bringing of an action against the Ellenas, was proper for the purpose of showing interest on the part of the witness. The form of the remaining question regarding a statement supposedly contrary to what the witness had previously testified was in compliance with the requirements of the statute where the testimony of a witness is sought to be impeached. (Sec. 2052, Code Civ. Proc.) Defendant's principal objection is that the district attorney failed to follow said examination by calling the lawyer as a witness for the purpose of impeaching the witness of whom the district attorney had asked the question. It may be, however, that a very good reason may have existed for not calling such impeaching witness; for instance, such witness may have been ill, or the district attorney may have been unable to subpoena him; or, in this particular case, in view of the fact that the proposed impeaching witness was an attorney at law, the district attorney may have concluded that the communication was privileged and consequently inadmissible. On the other hand, from the fact that the district attorney did not call the impeaching witness, it need not necessarily follow that defendant was entirely helpless in the premises. Assuming that defendant had evidence supporting any suspicion which he may have had of bad faith in the district attorney in connection with the matter, it is probable that a record of such evidence tending to show such bad faith might have been made in the trial court and presented in this proceeding for examination by this court. However, there is considerable question as to the propriety of granting a motion for new trial because of misconduct of the district attorney, especially where such misconduct is not accompanied by some error of the trial court in con-

nection therewith. (*People* v. *Amer*, 151 Cal. 303 [90 Pac. 698] ; *People* v. *Kromphold*, 172 Cal. 512 [159 Pac. 599].) But, in any event, although the district attorney in the instant case did not pursue the matter of impeachment by calling to the witness-stand the person to whom the witness was supposed to have made the statement, it cannot be presumed from that fact alone that the district attorney was acting in bad faith in laying the foundation for the impeachment.

[9]  Appellant next charges that the district attorney was guilty of misconduct in that in the course of his argument to the jury he said:

"We will look to the testimony to see whether or not the defendant is guilty of the charge made in the complaint. Counsel for the defense says that he is in favor of fairness and of the enforcement of this law; and I ask you, gentlemen of the jury, when he puts the defendant on the stand, in possession of all the facts, and he asks him but a single question, knowing that the rules of evidence and procedure clothe the defendant with protection so that we cannot further interrogate beyond the matter involved in that question,—I ask you whether or not counsel is acting in good faith, when he says he is in favor of fairness and the enforcement of the law."

In response to an objection made by defendant's attorney to the foregoing statement and a request that it be stricken from the record, the trial judge, in addressing the jury, said: "Gentlemen of the jury, you will disregard that portion of the argument relative to the testimony of the defendant and the rule relative to his testimony, the same as though it had not been made."

The case of *People* v. *Kromphold*, 172 Cal. 512 [159 Pac. 599], is in point.  It was there held that while it was wrong for the district attorney to comment upon defendant's failure to testify upon a particular phase of the case, in view of the fact that upon objection thereto by defendant's counsel the trial judge informed the district attorney that he should not comment on the defendant's omission to testify to any particular fact, and suggested that he be extremely careful in that respect—the jury could not have been influenced to the prejudice of defendant by the statement of which complaint was made.  (And see, also, *People* v. *San-*

*some,* 98 Cal. 235 [33 Pac. 202] ; *People* v. *Finali,* 31 Cal. App. 479 [160 Pac. 850] ; *People* v. *Diamond,* 57 Cal. App. 162 [206 Pac. 1010].)   It will be noted that in the instant case, immediately upon the attention of the court being directed to the objectionable matter in the argument of the district attorney, the court instructed the jury to "disregard that portion of the argument relative to the testimony of the defendant . . . the same as though it had not been made."   Following the rule laid down in the case of *People* v. *Kromphold, supra,* "we cannot hold that the statement (of the district attorney) 'has resulted in a miscarriage of justice.' "

The judgment and the order denying the motion for new trial are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 14, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1924.