661 P.2d 654

**The STATE of Arizona, Appellee,**

v.

**Charles MELENDEZ, Appellant.**

**No. 2 CA–CR 2623.**

Court of Appeals of Arizona, Division 2.

Dec. 14, 1982.

Rehearing Denied Feb. 23, 1983.

Review Denied March 22, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for Appellee.

Frederic J. Dardis, Pima County Public Defender by Susan A. Kettlewell, Guendelsberger, Tucson, for Appellant.

## OPINION

HATHAWAY, Judge.

Defendant, Charles Melendez, was found guilty by a jury of two counts of child molesting. He was sentenced to the presumptive term of seven years on each count, the sentences to be served concurrently.

The following questions are raised on appeal:

1. Was defendant denied his right to confront the witnesses against him when the testimony of Angel Melendez was presented to the jury by video tape?

2. Did the trial court commit reversible error by allowing the defendant's statements into evidence without an adequate showing of the corpus delicti?

3. Did the trial court abuse its discretion in ruling that Angel Melendez was competent to testify as a witness?

4. Did the trial court's instructions shift the burden of proof to the defense on the issue of intent, thus creating fundamental reversible error?

Six-year-old Angel Melendez was visiting her father, the defendant, in Tucson, in August of 1980. She testified that the defendant "touched" her three times in the vaginal area with his fingers. A medical examination disclosed that her hymen had been perforated. These incidents were the grounds upon which the Pima County Grand Jury returned an indictment against the defendant, charging two counts of child molestation. A defense motion challenging Angel's competency as a witness was denied.

The defendant entered into a plea agreement which was filed on September 22, 1981, whereby he agreed to plead no contest to two counts of child abuse. At the time set for sentencing, the defendant was permitted to withdraw his plea.

In December 1981, a prosecution motion requesting that Angel's testimony be videotaped for later presentation before the jury, was filed, opposed by the defense, and granted by the trial court. The videotaping session in the presence of the defendant, his legal counsel, the trial judge, the prosecutor, and Angel Melendez, took place on December 31, 1981. The matter proceeded to trial on January 6, 1982.

## THE VIDEOTAPED TESTIMONY OF ANGEL MELENDEZ

■ It is defendant's position that the presentation of the testimony of the key witness by videotape denied him his right to confront the witness against him, in violation of the Sixth Amendment of the United States Constitution, and Art. 2, § 24 of the Arizona Constitution, and deprived him of due process of law as required by the Fourteenth Amendment to the United States Constitution. Both sides cite *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976), U.S. cert. den. 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977). There, the Arizona Supreme Court allowed the videotaped testimony of a pathologist whose vacation conflicted with the trial date. The court found the use of videotaped testimony less offensive to a defendant's right of confrontation than testimony from a preliminary hearing, which may be allowed when a witness is unavailable. The court recognized the importance of face-to-face testimony between the witness and the jury, but observed that the Washington Supreme Court in *State v. Hewett,* 86 Wash.2d 487, 545 P.2d 1201 (1976), had permitted the use of videotaped testimony of a victim at trial. The court reserved that question for the time it might be presented, but endorsed the proposition advanced by the Washington Supreme Court "... that this procedure [videotaped testimony] can, when properly used, satisfy the confrontation clause of the Sixth Amendment." 114 Ariz. at 29, 559 P.2d at 149. In *Reid,* our supreme court concluded:

> "If it can be demonstrated that the failure of the witness to be present at trial will prejudice the defendant or the State, the motion should not be granted. Absent a showing of prejudice or lack of good faith, we will rely on the sound discretion of the trial court in granting a motion to present videotaped evidence to the jury." 114 Ariz. at 29, 559 P.2d at 149.

The trial court was required to balance competing interests, as discussed in *State v. Reid,* supra. The prosecution pointed out that the victim had expressed fear of testifying before a jury. This was confirmed as a genuine problem by a clinical psychologist who examined Angel and testified to the likelihood that she would become uncommunicative if called to testify before a jury.

There is no question that the defendant's right of confrontation, afforded by the constitution, is not to be dealt with lightly. The defendant raises questions as to the ability of the videotape to convey Angel's demeanor and reactions, and thus perhaps hamper the jury in its evaluation of her testimony. This, of course, could operate in defendant's favor. The defense also complains that the videotaping could create the impression that Angel's testimony was special.

The victim's age poses obvious problems in her testifying. The videotape is one way of handling the problem, and speculation as to possible reactions need not foreclose use of this method. Defendant and his counsel were present during the videotaping and the opportunity to cross-examine the victim was made available at that time. We do not believe that the defendant was prejudiced, and the circumstances justified the trial court's invocation of modern technology to meet the special needs of a witness and to afford the defendant his constitutional right of confrontation.

## ADEQUACY OF SHOWING OF THE CORPUS DELICTI

The defendant contends that the trial court committed reversible error by allowing statements by the defendant into evidence without an adequate showing of the corpus delicti. An incriminating statement or confession is not admissible until other evidence has been adduced tending to prove the corpus delicti. *State v. Pineda,* 110 Ariz. 342, 519 P.2d 41 (1974). But see *State v. Gambrell,* 116 Ariz. 188, 568 P.2d 1086 (App.1977). To establish the corpus delicti, the evidence must show proof of a certain result for which someone is criminally responsible. *State v. Janise,* 116 Ariz. 557, 570 P.2d 499 (1977). Proof is sufficient if a reasonable inference of the corpus delicti is established. The incriminating statement may serve the dual purpose of connecting the defendant with the crime and proving the corpus delicti beyond a reasonable doubt. *State v. Wilson,* 113 Ariz. 145, 548 P.2d 23 (1976); *State v. Tur-*

*rubiates,* 25 Ariz.App. 234, 542 P.2d 427 (1975). The record contains the victim's statements as follows:

"Q. Can you tell us whether or not your daddy touched you someplace?

A. Yes.

Q. Okay. Where did he touch you? Do you want to show us?

A. No.

Q. You pointed down to your pants someplace. Where did you point? What is that called? What do you call that where pointed?

A. I don't know.

Q. What does your mommy call it?

A. I don't know.

Q. Why don't you stand up a minute, Angel. Okay. Here, stand up. Come over here. Can you show us where your daddy touched you?

A. No.

Q. That's where you go to the bathroom. Yes? Or no?

A. Yes.

Q. ... And what did he use to touch you? What part of his body touched you there?

A. His fingers.

\*     \*     \*     \*     \*     \*

Q. ... So, Angel, I think the last thing you said is that you were wearing a Cookie Monster suit. What color is your Cookie Monster suit?

A. I forget.

Q. You forgot?

A. Uh-huh. (affirmative)

Q. And how many times had your daddy touched you where you go to the bathroom?

A. Three."

The child's mother testified that when she went to pick Angel up, she observed "hickeys or lick marks" on Angel's neck. She subsequently took the child to a doctor in Morenci.

Before the next prosecution witness took the stand, the defense argued that the prosecution had not proven the corpus delicti

and moved to exclude a defendant's statements. The motion was denied.

The section under which the defendant was charged, A.R.S. § 13–1410, defines child molestation as follows:

"A person who knowingly molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child ... is guilty of a class 2 felony. . . . "

■ The child's testimony established her age and the touching of the private parts. The facts did not disclose at that stage special circumstances relating to the touching which may have been privileged by the parent-child relationship. The subsequent admission of the stipulation that a medical examination of the child had disclosed a perforated hymen, corroborates that the touching was not of the innocent type, but was instead motivated by an unnatural or abnormal sexual interest. See *State v. Brooks,* 120 Ariz. 458, 586 P.2d 1270 (1978). We have held that where the corpus delicti is eventually established, a mere variation in the order of proof cannot be said to result in prejudice to the defendant. *State v. Gambrell,* 116 Ariz. 188, 568 P.2d 1086 (App.1977). After the defense motion that the defendant's statements should not be admitted, Det. Milne testified that the defendant admitted molesting the child. We find no error as the record discloses that the corpus delicti was sufficiently established independently of the defendant's statements.

## COMPETENCY OF THE CHILD WITNESS

■ It is contended that the trial court abused its discretion in ruling that the child was competent to testify as a witness in the trial. In that connection, we have been referred to portions of the transcript which focus on the child's weakness as a witness. Other items of evidence tend to support her competency to testify. We have been referred to cases setting forth the considerations that serve as guidelines for determining the question of the competency of the witness. Included is the case of *Donnelley*

*v. Territory,* 5 Ariz. 291, 52 P. 368 (1898). More recent authority reveals a more relaxed approach. In *State v. Jerousek,* 121 Ariz. 420, 590 P.2d 1366 (1979), it is established that the trial court's discretion in determining a child's competency is practically unlimited. Also see, *State v. Piatt,* 132 Ariz. 145, 644 P.2d 881 (1981). The record does not indicate that the trial court exceeded the bounds of its broad discretion in such determination.

## DID THE COURT'S INSTRUCTION IMPROPERLY SHIFT THE BURDEN OF PROOF?

■ The following instruction is claimed to be erroneous and a denial of due process requiring reversal:

"The State must prove that the defendant has done an act which is forbidden by law, and that he intended to do it. You may determine that the defendant intended to do the act if he did it voluntarily. The State does not have to prove that the defendant knew the act was forbidden by law."

We recently considered and rejected an identical argument concerning the same instruction in *State v. Lopez,* 134 Ariz. 469, 657 P.2d 882 (1982). It is contended that the present case is factually distinguishable in that the charge of child molesting requires the added element that the voluntary acts of touching, fondling, or molesting be accompanied by an abnormal or unnatural sexual interest. Counsel argues that the instruction obviates the need for proof of this additional element, and that once the jury determines that the act occurred, this crucial element could have been "inferred" without the necessary proof. We disagree. The jury was fully instructed on the presumption of innocence and the burden of proof. The trial court emphasized that the burden of proof does not shift throughout the trial. The instruction here is not the burden-shifting instruction criticized in a line of federal cases, including *United States v. Robinson,* 545 F.2d 301 (2nd Cir. 1976), and *Cohen v. United States,* 378 F.2d

751 (9th Cir.1967). We find no error and affirm.

HOWARD, C.J., and BIRDSALL, J., concur.