845 P.2d 474

**STATE of Arizona, Appellee,**

v.

**Denise DAUGHERTY, Appellant.**

**No. 1 CA–CR 91–1018.**

Court of Appeals of Arizona, Division 1, Department A.

June 16, 1992.

Review Denied Feb. 17, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

This appeal challenges a jury verdict finding Denise Daugherty ("defendant") guilty of pandering, a class 5 felony.

## FACTS

In the course of a routine investigation of escort services, massage parlors and modeling agencies for potential violations of prostitution laws, Phoenix police officers contacted the defendant. The officers called the defendant after finding two advertisements for a company called "Night Moves" in "Bachelor Beat," an adult magazine. The ads portrayed Night Moves as a "modeling and companionship" service. One of the ads solicited "attractive women" to work for the company as models/companions.

An undercover policewoman, Officer S., arranged a meeting with the defendant under the pretense of seeking employment with Night Moves. The meeting took place at a bar in Phoenix. Defendant was present with her boyfriend, to whom defendant had referred as a co-owner of Night Moves. Officer S. discussed with the two co-owners the details of the company and her potential role as an employee. She was told that Night Moves worked on an "out-call" basis, in that models went to customers' locations rather than customers coming to the models. The conversation lasted approximately one hour, with detailed references to prostitution acts that Officer S. would be expected to perform as a "model" for the company. Defendant and her companion also outlined procedures an employee was expected to follow for collecting money from customers, refusing to perform certain sex acts, restricting the length of visits, as well as procedures to follow in case the employee was arrested for a prostitution offense.

Thereafter the defendant and her companion were arrested and charged with Count I: keeping or residing in a house of

prostitution, and Count II: pandering. The proceedings against the defendant were separate from any proceedings against her boyfriend/co-owner. At the close of the state's evidence at trial, the court granted the defendant's motion for a directed verdict on Count I but denied the motion as to Count II. *See* Ariz.R.Crim.P. 20.

## DISCUSSION

On appeal, defendant argues that the trial court erred by admitting hearsay testimony concerning the statements made by defendant's boyfriend during the three-way conversation at the bar. She also contends that the court should have granted the Rule 20 motion as to Count II because the state failed to prove a *corpus delicti* for the pandering charge.

### A. *Hearsay Statements*

■ The trial court ruled that the statements of the defendant's companion/co-owner were admissible, and were not hearsay, because the defendant adopted the statements as her own. *See* Ariz.R.Evid. 801(d)(2)(B). The relevant portion of Rule 801, Arizona Rules of Evidence, provides as follows:

The following definitions apply under this article:

\* \* \* \* \* \*

**(d) Statements Which Are Not Hearsay.** A statement is not hearsay if—

\* \* \* \* \* \*

(2) *Admissions by Party–Opponent.* The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity, or

(B) a statement of which the party has manifested an adoption or belief in its truth …

The state argues that the defendant adopted the statements of her companion either by her silence or by her active partic-

ipation in the conversation at the bar. Defendant argues that silence is not enough for adoption, and that adoption of the statements of another requires an affirmative act. Although there is authority for the proposition that adoption of statements may occur by silence, *see* M. Udall, et al., *Arizona Practice: Law of Evidence*, § 125 (3rd ed. 1991), we need not reach this issue because the record reveals that the defendant adopted the statements by active participation in the conversation with Officer S. at the bar. The evidence at trial showed that the defendant expressly agreed with many of the statements made by her companion. In fact, many times during the conversation she expounded on the statements by adding her own explanations and comments regarding procedures to be followed during Officer S.'s potential encounters with Night Moves' customers. Defendant's active participation in the conversation shows her adoption of the statements made by her companion. The trial court did not err by allowing testimony of the substance of the entire conversation.[1] *See State v. Thomas*, 104 Ariz. 408, 454 P.2d 153 (1969); *State v. Stanley*, 156 Ariz. 492, 753 P.2d 182 (App.1988).

### B. *Proof of Corpus Delicti*

■ An accused may not be convicted based on out-of-court admissions or confessions. *State v. Gillies*, 135 Ariz. 500, 506, 662 P.2d 1007, 1013 (1983), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). "Before such confessions are admissible as evidence of a crime, the state must establish the *corpus delicti* by proving that a certain result has been produced and that someone is criminally responsible for that result." *Id.*

■ The *corpus delicti* rule provides that, before the state can use a defendant's incriminating statement at trial, the state must provide evidence independent of the confession or admission that tends to indicate that the defendant committed the

---

**1.** The state also argues that the statements of the defendant's companion were admissible as admissions of a co-conspirator. *See* Ariz.R.Evid. 801(d)(2)(E). While we find merit in this argu-

ment, we need not address it in detail due to our holding that the statements were admissible as adopted admissions.

crime charged. *State v. Melendez,* 135 Ariz. 390, 393, 661 P.2d 654, 657 (App. 1982). The rule developed in English jurisprudence as judicial attitudes began to change concerning the sufficiency of convictions based on confessions alone. Comment, *California's Corpus Delicti Rule: The Case for Review and Clarification,* 20 UCLA L.Rev. 1055, 1058–1065 (1973); Note, *Proof of the Corpus Delicti Aliunde: The Defendant's Confession,* 103 U.Pa.L.Rev. 638 (1955). Rare but well-publicized cases of the reappearance of a missing person after his confessed killer had been convicted and executed were the impetus for the development of this doctrine. *See Perrys' Case,* 14 How.St.Tr. 1312 (1661), as described in R. Perkins & R. Boyce, *Criminal Law,* ch. 2 § 1(G) (3d ed. 1982). The rationale for the *corpus delicti* rule was the realization that confessions may be untrustworthy because of involuntariness (due to improper police conduct) or unreliability (due to the mental instability of the accused). *Developments in the Law—Confessions,* 79 Harv.L.Rev. 938, 1073 (1966).

This potential, that a suspect might falsely confess to a nonexistent crime, led to the development in most jurisdictions of a rule requiring the production of some independent evidence that the crime actually occurred. Other jurisdictions, including federal courts, instead required only a showing of independent substantial evidence establishing the trustworthiness of the statements. *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *see, McCormick on Evidence,* § 145 (J. Strong 4th ed. 1984); *State v. Parker,* 315 N.C. 222, 337 S.E.2d 487, 491–495 (1985) (adopting federal "trustworthiness" standard and no longer requiring independent proof establishing *corpus delicti* ). Our own legislature has abolished the *corpus delicti* rule in automobile collision cases involving injury or death. *See* Ariz.Rev.Stat.Ann ("A.R.S.") § 28–692(L), effective June 28th, 1990.

■ We recently held that confessions are admissible "only when the state establishes the *corpus delicti*—'the body of the crime'—by presenting evidence that is sufficient, independent of the confessions, to warrant a reasonable inference" that the charged crime has occurred and that the defendant is responsible. *State v. Jackson,* 108 Ariz.Adv.Rep. 3, 1992 WL 37466 (App. March 3, 1992). Jackson was charged with child molestation and sexual conduct with a minor. Therefore we distinguish *Jackson,* in which the crime was committed by physical actions, from the present case, in which statements constitute the crime itself.

The defendant argues that her statements were the only proof of pandering and that, without some independent proof of the *corpus delicti,* the statements are inadmissible.

The present case presents an anomaly in the *corpus delicti* doctrine because the statements that the defendant alleges must be corroborated comprise the entirety of the crime. The pandering statute under which the defendant was convicted reads as follows:

> A person is guilty of a class 5 felony who knowingly ... [c]ompels, induces or encourages any person to lead a life of prostitution.

A.R.S. § 13–3209(4).

■ In a case such as this one, in which a defendant is convicted of inducing or encouraging criminal activity exclusively through words, the statements are the whole of the crime. Therefore, the statements themselves constitute the *corpus delicti.* The situation with which we are faced in this case was summed up in *McCormick on Evidence,* § 145 at 560:

> Application of the *corpus delicti* formulation may have been a relatively simple task that accomplished the purpose of the corroboration requirement when crimes were few and were defined in simple and concise terms. But modern statutory criminal law has increased the number and complexity of crimes. Simply identifying the elements of the *corpus delicti* thus provides fertile ground for dispute. Requiring that the corroborating evidence tend to establish each element once the *corpus delicti* is de-

fined may pose an unrealistic burden upon the prosecution.... *This is especially the case with regard to crimes that may not have a tangible corpus delicti, such as attempt offenses, conspiracy, tax evasion and similar offenses.*

(Emphasis added).

The Arizona Criminal Code is replete with crimes that, according to the statute, may be committed by words alone, without any tangible *corpus. See, e.g.,* A.R.S. § 13–1002 (solicitation; "encourages, requests or solicits"); A.R.S. § 13–3303 (promotion of gambling; "furnishes advice"); A.R.S. § 13–1003(A) (statutory exceptions to overt act requirement for conspiracy when object of conspiracy is to commit felony on the person of another, burglary or arson). Moreover, in *State v. Fristoe,* 135 Ariz. 25, 31, 658 P.2d 825, 831 (App. 1983), we held that "words constituted acts sufficient to sustain a conviction for attempt." *See also State v. Padilla,* 169 Ariz. 70, 72, 817 P.2d 15, 17 (App.1991) (offering to sell narcotics; legislature properly "proscribe[d] a course of conduct that may be carried out by speech").

We hold that in cases such as this, in which the statements themselves are the *corpus delicti* of the defined crime, the state need not produce evidence of the crime independent of the proven statements. However, innocuous acts of defendants may help to complete the picture of the crime. For example, in the present case, the state produced evidence that the defendant answered initial inquiries regarding employment from the undercover police officer, agreed to meet with her, and, in fact, eventually did meet with her at a prearranged place and time. These actions, while not inferentially criminal in and of themselves, when considered along with the defendant's statements, tend to complete the picture of the defendant's pandering.

## CONCLUSION

 The trial court did not err in admitting the statements made by the defendant's companion during the three-way conversation with the undercover police officer. Also, the trial court did not err in allowing the defendant's statements into evidence without specific independent proof of a traditional *corpus delicti* because, in a case such as this, the words themselves constitute the body of the crime.

We have searched the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. The conviction and sentence are affirmed.

CONTRERAS, P.J., and GERBER, J., concur.