933 P.2d 1215

STATE of Arizona ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Thomas Dunevant, III, a judge thereof, Phoenix Municipal Court, the Honorable Richard Garica, a judge thereof, Respondent Judges,

Shelly Marie PLUMMER, Real Party in Interest.

No. 1 CA–SA 96–0175.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 20, 1996.

Reconsideration Denied Sept. 13, 1996.

Review Denied March 25, 1997.

Roderick G. McDougall, City Attorney by Samuel K. Lesley, Assistant City Prosecutor, Phoenix, for Petitioner.

Law Office of Mark N. Weingart by Martin G. McAuliffe, Tempe, for Real Party in Interest.

## OPINION

GERBER, Judge.

Petitioner State of Arizona sought special action relief from the respondent judges' dismissals of two DUI-related counts against real party in interest Shelly Plummer (Ms. Plummer). In a previous order, we accepted jurisdiction and granted relief. This opinion explains that order.

## FACTS AND PROCEDURAL HISTORY

On December 14, 1995, Phoenix Police Officer Tranter (Tranter) observed a pickup strike a median as it attempted a left-hand turn into an intersection. Two persons were in the cab. Tranter saw a man, later identified as Mr. Plummer, in the driver's seat. No one else was in the area. Tranter asked Mr. Plummer to step out of the vehicle. He exhibited signs of intoxication. He told Tranter that his wife had been driving but that he had switched places with her after she struck the median.

Tranter and another officer then spoke with Ms. Plummer, who also exhibited signs of intoxication. She also stated that "[Mr. Plummer] wasn't driving. I was." Tranter performed a series of roadside sobriety tests on Ms. Plummer which she performed poorly. A horizontal gaze nystagmus test indicated that she had a blood alcohol concentration of .10 or higher. A breath test confirmed this reading. She was charged with one count of driving under the influence of intoxicating liquor and one count of having an alcohol concentration of .10 or higher within two hours of driving.

Ms. Plummer moved the Phoenix Municipal Court to dismiss the charges because, in her view, the state was unable to satisfy the *corpus delicti* doctrine because the state had not presented independent evidence of a crime apart from her statements to police. The trial court excluded those statements as inadmissable hearsay and granted the motion to dismiss. The state then appealed to the Maricopa County Superior Court which affirmed the trial court's ruling. The state then brought this special action. We accept jurisdiction because the state has no adequate remedy by appeal and because the trial court's ruling causes the state irreparable harm.

## ISSUE PRESENTED

The issue presented involves the meaning of *corpus delicti*, specifically whether the state must show evidence of a crime beyond the statements of the accused.

## ANALYSIS

The state contends that whether Ms. Plummer herself committed the crime charged is not a necessary element of *corpus delicti*. *See State v. Weis*, 92 Ariz. 254, 260, 375 P.2d 735, 739 (1962), *cert. denied*, 389 U.S. 899, 88 S.Ct. 226, 19 L.Ed.2d 221 (1967). It argues that it need only present enough facts to support a reasonable inference that the crime charged was actually committed by some person. *State v. Hernandez*, 83 Ariz. 279, 282, 320 P.2d 467, 469 (1958). It admits that this evidence must be independent of Ms. Plummer's own statements. It alleges that the evidence may also be circumstantial. *State v. Rivera*, 103 Ariz. 458, 460, 445 P.2d 434, 436 (1968), *cert. denied*, 395 U.S. 929, 89 S.Ct. 1790, 23 L.Ed.2d 248 (1969).

Ms. Plummer responds that the only evidence of the crime charged was her confession, which in her view is inadmissible absent corroborating evidence. *See State v. Melendez*, 135 Ariz. 390, 393, 661 P.2d 654, 657 (App.1982). She alleges that the state's evidence must show that the defendant committed the crime charged. She contends that none of the state's evidence placed her behind the wheel of the truck when it struck the median.

The *corpus delicti* doctrine developed in English jurisprudence because of concerns about the sufficiency of a defendant's confession to support an inference that a crime had occurred. *State v. Daugherty*, 173 Ariz. 548, 551, 845 P.2d 474, 477 (App.1992). The *corpus* problem arose in cases where a putative victim turned up alive after a defendant had been convicted and executed for the murder. Note, *Proof of the Corpus Delicti Aliunde the Defendant's Confession*, 103 U.Pa.L.Rev. 638, 638 (1955). For this reason, courts began to require independent evidence of the

crime by the presence of the body or *corpus* of the victim. *Id.* at 639. English courts also applied the doctrine to the crime of bigamy. *Id.* at 641.

■ The United States adopted the English *corpus* rule piecemeal into its jurisprudence and applied it in a variety of cases beyond murder. *Id.* at 640–41. The rationale for the doctrine was the realization that a defendant's confession might be untrustworthy due to mental instability or improper police procedures. *Daugherty*, 173 Ariz. at 551, 845 P.2d at 477; *Corpus Delicti, supra*, at 642–49. For these reasons, many states interpreted the English rule to require that the state produce independent evidence of a crime beyond the defendant's own statement. *Corpus Delicti, supra*, at 641.

This case is one of first impression in Arizona because it addresses the *corpus delicti* doctrine in the context of DUI cases. Other jurisdictions have commented on this subject. In *State v. Knoefler*, 563 P.2d 175, 176 (Utah 1977), the Utah Supreme Court held that the state had provided sufficient independent evidence of the crime of. DUI when the driver and another passenger at an accident scene appeared intoxicated, there was an "abundance of beer" in the vicinity of the wreck and the driver admitted to consuming alcohol. The California Court of Appeals reached the same result in *People v. Ellena*, 67 Cal.App. 683, 228 P. 389, 391 (1924), where all three passengers in the front seat of a wrecked vehicle showed signs of intoxication.

■ Arizona requires proof of the *corpus delicti* independent of the defendant's confession. *Weis,* 92 Ariz. at 260, 375 P.2d at 739. However, this case presents no *corpus delicti* problems. The *corpus* or "body" of the DUI crime does in fact exist. Apart from the suspect's statements there is evidence of drunk driving, improper control of a vehicle, and evidence that either Mr. or Ms. Plummer was driving. The only persons in the cab of the pickup were Mr. and Ms. Plummer. Tranter and another officer testified that both showed signs of intoxication. Mr. Plummer told the officers that his wife had been drinking and was driving at the time of the collision. These facts alone constitute the *corpus* and also create at least a reasonable inference that some intoxicated person, possibly Ms. Plummer, was driving the truck when it struck the median. *Hernandez*, 83 Ariz. at 282, 320 P.2d at 469.[1]

■ Because the state provided independent evidence that a crime had occurred, Ms. Plummer's statements were admissible as non-hearsay statements against her penal interest. These statements should not have been suppressed as hearsay. *See* Ariz. R.Evid. 804(b)(3) (Supp.1995).

## CONCLUSION

For the reasons given above, we grant the state relief. The orders of both the Phoenix Municipal Court and the Maricopa County Superior Court dismissing the charges against Ms. Plummer are vacated. The

---

1. Ms. Plummer incorrectly relies on *Daugherty* for the proposition that the state must satisfy *corpus delicti* by proof that she herself committed the crime charged. However, the facts in *Daugherty* are inapposite. There the defendant was convicted of pandering or encouraging a person to lead a life of prostitution. *Daugherty*, 173 Ariz. at 551, 845 P.2d at 477. The defendant's own statements constituted the crime. The *Daugherty* court held that "in cases such as this, ... the state need not produce evidence of the crime independent of the proven statements." *Id.* at 552, 845 P.2d at 478. In this case, however, Ms. Plummer's own conduct constituted the crime.

The *Daugherty* court suggests in dicta that the state must satisfy *corpus delicti* by proof that the defendant committed the crime charged, citing *Melendez* and *State v. Jackson*, 1992 WL 37466 (App. March 3, 1992). *Id.* at 550–51, 845 P.2d at 476–77. Both authorities are suspect. In the misquoted *Melendez* case, 135 Ariz. at 393, 661 P.2d at 657, Division Two of this court held that the state must "show proof of a certain result for which *someone* is criminally responsible." (Emphasis added.) As to *Jackson*, the Arizona Supreme Court ordered that it not be published. Further, *Jackson* misquotes *State v. Gillies*, 135 Ariz. 500, 506, 662 P.2d 1007, 1013 (1983), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985), which held that "the state must establish ... that a certain result has been produced and that *someone* is criminally responsible for that result." (Emphasis supplied.) Thus, contrary to Ms. Plummer, *Daugherty* does not suggest a departure from *corpus delicti* doctrine except within the narrow confines of its facts.

**150**

Phoenix City Court is ordered to reinstate the charges and admit Ms. Plummer's statements.

EHRLICH, P.J., and PATTERSON, J., concur.