NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDGAR GARCIA, *Appellant*.

No. 1 CA-CR 18-0628
FILED 9-5-2019

Appeal from the Superior Court in Maricopa County
No. CR2012-159502-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

------------------------------

**MEMORANDUM DECISION**

------------------------------

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Peter B. Swann joined.

------------------------------

**C A T T A N I**, Judge:

¶1        Edgar Garcia appeals his convictions and sentences for eleven crimes, including sexual conduct with a minor, kidnapping, sexual abuse, and child molestation.  For reasons that follow, we modify one of his sentences to reflect 861 days' presentence incarceration credit, but we affirm his convictions and sentences in all other respects.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Garcia and his now ex-wife lived together with their children and Garcia's stepdaughters, M.O. and J.O.  After moving out of the home, M.O. and J.O. each reported to law enforcement that Garcia had touched them sexually on multiple occasions when they were minors.  During a recorded interview with law enforcement, Garcia confirmed many of the allegations.

¶3        A jury convicted Garcia of five counts of sexual conduct with a minor, two counts of kidnapping, two counts of sexual abuse, and two counts of child molestation.  The superior court imposed concurrent and consecutive sentences totaling 150 years' imprisonment.

¶4        The court permitted Garcia to file an untimely appeal.  *See* Ariz. R. Crim. P. 31.2(a)(3), 32.1(f).  We have jurisdiction under A.R.S. § 13-4033(A).

## DISCUSSION

¶5        Garcia asserts five reversible errors: (1) the superior court improperly admitted into evidence recordings of conversations between Garcia and law enforcement officers and/or J.O., (2) the court failed to require more than Garcia's statements as a basis for the two sexual-abuse convictions, (3) the evidence presented was insufficient to support one of the child-molestation convictions, (4) the sexual-abuse and child-molestation statutes under which he was convicted are unconstitutional,

and (5) the court failed to award sufficient credit for presentence incarceration.  We address each claim of error in turn.

## I.      Admission of Recordings.

**¶6**          The State introduced into evidence Garcia's recorded interview with law enforcement officers and his phone conversation with J.O.  Although Garcia did not object at trial,  he argues on appeal that these recordings contained "other act" evidence that was inadmissible under Arizona Rule of Evidence 404(b).  Because he did not object, we review the admission of this evidence only for fundamental, prejudicial error.  *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).

**¶7**          First, Garcia argues that his interview with the detective improperly referred to uncharged other acts because the detective told Garcia that M.O. had alleged that he "repeatedly engaged in sexual intercourse with M.O. *more and more* until M.O. was 15."  But it is not clear that the detective's statements in fact alluded to uncharged other acts.  Specifically, the detective said, "She tells me ultimately that her relationship with you became sexual.  That you guys would have sex and that that happened more than one time . . . all the way up until she was . . . 15."  Garcia was charged with multiple counts of sexual intercourse, including an offense involving sexual intercourse when M.O. was 15 years of age or older.  The detective's statements did not identify any uncharged acts with specificity, and the statements can be construed as referring only to the charged acts.  Viewing the facts in the light most favorable to sustaining the verdicts, we reject Garcia's new argument on appeal.  *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

**¶8**          Second, Garcia argues the detective referred to sexual acts committed by Garcia against children other than J.O. and M.O.  Evidence of a defendant's other crimes, wrongs, or acts is generally not admissible to prove the defendant's character in order to establish action in conformity with that character.  Ariz. R. Evid. 404(b).  But other-act evidence may be admissible, as relevant here, to show that a defendant charged with a sexual offense "had a character trait giving rise to an aberrant sexual propensity to commit the offense charged."  Ariz. R. Evid. 404(c).  Before admitting Rule 404(c) evidence, the court must find that the evidence is strong enough "to permit the trier of fact to find that the defendant committed the other act," that "commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged," and that "[t]he evidentiary value of proof of the other act is not substantially outweighed by danger of unfair

prejudice." Ariz. R. Evid. 404(c)(1)(A)–(C). Although the superior court did not analyze this evidence through the lens of Rule 404, we may consider the record to determine whether the requirements of admissibility were met. *See State v. Aguilar*, 209 Ariz. 40, 50, ¶ 37 (2004).

¶9 Garcia and the detective had the following exchange:

Garcia: I feel so bad when [J.O.] told me that [I] do things with the kids . . .

Detective: So [J.O.] thought you might have done this with the other kids?

Garcia: Yeah . . .

Again, this exchange may simply be referring to the charged acts involving M.O. Furthermore, to the extent this exchange might allude generally to acts that J.O. thought might have occurred with Garcia's other children, the State offered no other evidence or argument establishing any such sexual conduct with the other children, and the record does not reflect that the State attempted to use the evidence to establish that the charged offenses occurred, *see State v. Cannon*, 148 Ariz. 72, 75 (1985), or to establish that Garcia had a propensity to commit the charged offenses. *See* Rule 404(c). Thus, Garcia's Rule 404 arguments regarding the above exchange are unavailing.

¶10 Third, Garcia takes issue with the admissibility of the detectives' statement that J.O. had alleged that Garcia had engaged in anal intercourse with her multiple times. Garcia argues that because he was only charged with one count of sexual conduct with a minor involving anal intercourse, this statement constituted improper evidence of other acts. He further contends J.O.'s statement in the recorded conversation that Garcia told M.O. to have sex with another man also constituted inadmissible other-act evidence. But again, the State offered neither the detective's statements nor J.O.'s statements to prove that these other acts actually occurred. Garcia did not admit committing either of these acts, and the State did not present additional evidence or argument to bolster the proof supporting either of these statements. Regarding the interview with the detective, the presentation of the complete interview, including this statement, refuted Garcia's argument that the detective's interrogation tactics caused him to confess. The evidence was not admitted to establish that the acts in fact occurred, and Garcia's belated Rule 404 argument regarding these statements fails.

¶11        Fourth, Garcia asserts that the detective's statement that both victims reported that Garcia touched their breasts was improper because Garcia was only charged with sexual abuse involving M.O., not J.O.   The record demonstrates, however, that evidence regarding both victims would have been properly admitted as propensity evidence under Rule 404(c).  In addition to the victim's report, Garcia acknowledged that he touched J.O.'s breasts in a sexual manner three times.  *See* Ariz. R. Evid. 404(c)(1)(A).  These other acts involved a minor younger than 15 years of age, demonstrating an aberrant sexual propensity to commit the charged offense. *See* Ariz. R. Evid. 404(c)(1)(B).  And the admission of these acts was not unfairly prejudicial: the acts were similar in nature and time to the charged offenses of sexual abuse involving M.O.   *See* Ariz. R. Evid. 404(c)(1)(C).  Because these acts would have been admissible under Rule 404(c), Garcia has not demonstrated fundamental error.

¶12        Finally, references by both the detective in the interview and J.O. in the recorded conversation  to uncharged acts of oral sexual contact between Garcia and both victims was not improper.   The detective mentioned that M.O. had reported oral sexual contact occurring three or four times.  But this evidence was not presented to establish that these other acts occurred.  Garcia denied them, and no other evidence was offered to prove the acts.  As noted above, presentation of the complete interview, including the detective's statement and Garcia's denial, was relevant to addressing Garcia's argument that the detective's tactics caused him to admit to the charged offenses.  Moreover, J.O.'s accusation that Garcia forced her to engage in oral sexual contact in the bathroom would have been admissible under Rule 404(c).  J.O. stated that the incident occurred, and Garcia admitted it to the detective.  *See* Ariz. R. Evid. 404(c)(1)(A).  He committed the other act when J.O. was a minor, indicating the aberrant sexual propensity to commit the charged crimes.   *See* Ariz. R. Evid. 404(c)(1)(B).  And because this act was similar to and occurred in the same timeframe as the charged offenses, it was not unfairly prejudicial.  *See* Ariz. R. Evid. 404(c)(1)(C).  Garcia has not demonstrated fundamental error.

¶13        Garcia separately challenges the admission of these other acts because he claims he did not have notice that the State was planning to offer them in evidence.  But Garcia does not dispute that the State disclosed the recordings long before trial.  Nor does he explain how he was prejudiced by any alleged lack of notice.  He thus has failed to establish fundamental, prejudicial error. *See Escalante*, 245 Ariz. at 140, ¶ 12.

## II.    *Corpus Delicti* and Sufficiency of the Evidence of Sexual Abuse.

**¶14**        During his interview with the detective, Garcia stated that he touched M.O.'s breasts when she was trying on her mother's bra and when she was wearing a certain skirt. The two charges of sexual abuse stemmed from these incidents. Apart from Garcia's statements, the State offered no additional evidence for these charges. Garcia now argues the convictions for these counts should be vacated because they violate the doctrine of *corpus delicti*. We review this argument de novo. *State v. Flores*, 202 Ariz. 221, 222, ¶ 4 (App. 2002).

**¶15**        The *corpus delicti* doctrine requires the state to present independent evidence of a crime besides the defendant's own incriminating statements.[1] *State ex rel. McDougall v. Superior Court*, 188 Ariz. 147, 149 (App. 1996). The purpose of this rule is to prevent convictions based solely on the defendant's uncorroborated statements. *State v. Carlson*, 237 Ariz. 381, 388, ¶ 8 (2015). But "[t]he standard for the corroborating evidence is not high" and must simply be enough to support a reasonable inference that the charged crime actually occurred. *Id.* at 387, ¶ 8. Further, "when a defendant confesses to several related crimes, independent evidence that establishes the commission of the closely related crimes may suffice to corroborate the confession as a whole." *Id.* at 388, ¶ 11.

**¶16**        Here, sufficient independent evidence corroborated Garcia's confession. He confessed to conduct underlying multiple counts of sexual conduct with a minor and sexual abuse—all involving the same victim, M.O.—and M.O. provided testimony supporting each of these counts. Although M.O. did not provide testimony to support two other counts of sexual abuse, these two counts were closely related to the other crimes that she testified to. All of these crimes were committed against the same victim, occurred in a similar timeframe, and involved the same or similar sexual conduct. Thus, Garcia's confession was corroborated as a whole, providing sufficient evidence for his sexual abuse convictions.

---

[1]    The State argues that we should abandon the *corpus delicti* doctrine as inconsistent with Arizona law. But there is controlling supreme court authority repeatedly applying this doctrine. *See, e.g.*, *State v. Carlson*, 237 Ariz. 381, 387–88, ¶ 8 (2015); *State v. Chappell*, 225 Ariz. 229, 234, ¶ 9 (2010); *State v. Morris*, 215 Ariz. 324, 333, ¶ 34 (2007).

### III.    Sufficiency of the Evidence of Child Molestation.

¶17        Garcia was convicted of child molestation for sexual contact with J.O. that caused a blister on her vagina.  J.O. testified that she found the blister the day after Garcia raped her.  The detective who interviewed Garcia also testified that J.O. told him the blister was caused by Garcia rubbing her vagina with his hand.  On appeal, Garcia argues this evidence was insufficient to support his conviction of child molestation.

¶18        We review the sufficiency of evidence de novo.  *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  When reviewing the evidence, we assess whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id.* at ¶ 16.  To obtain a conviction for child molestation, the State is required to prove the defendant "intentionally or knowingly engag[ed] in . . . sexual contact . . . with a child who is under fifteen years of age."  *See* A.R.S. § 13-1410(A).  For these purposes, sexual contact includes "any direct or indirect touching . . . of any part of the genitals . . . by any part of the body."  A.R.S. § 13-1401(A)(3)(a).

¶19        Here, sufficient evidence supported the conviction.  J.O. testified that—when she was between six and eight years old—Garcia raped her, and she noticed a blister on her vagina the next day.  Garcia confirmed that he rubbed his penis on J.O.'s vagina.  The jury heard testimony from J.O. that Garcia raped her and she noticed a blister on her vagina the next day.  The jury also heard testimony from M.O. that J.O. talked to her about the sexual contact after noticing her blister.  While J.O.'s testimony did not match what she told the detective about how Garcia had caused the blister, any such inconsistency goes to witness credibility and the weight of the evidence, which are issues to be resolved by the jury.  *State v. Rivera*, 210 Ariz. 188, 192, ¶ 20 (2005).  Based on the evidence presented, a rational jury could have found Garcia guilty of child molestation.

### IV.    Constitutionality of Sexual-Abuse and Child-Molestation Statutes.

¶20        Garcia contends the sexual-abuse and child-molestation statutes under which he was charged unconstitutionally shift the burden of proof, are void for vagueness, and are overbroad.  We review the constitutionality of statutes de novo.  *State ex rel. Thomas v. Klein*, 214 Ariz. 205, 207, ¶ 5 (App. 2007).

¶21        Garcia's arguments do not warrant relief.  Regarding vagueness and the burden-shifting arguments, our supreme court has rejected these challenges.  *State v. Holle*, 240 Ariz. 300, 308–10, ¶¶ 38–40, 45–

46 (2016). Additionally, in any event, Garcia lacks standing to raise vagueness and overbreadth claims. "A defendant whose conduct is clearly proscribed by the core of the statute has no standing to attack the statute." *State v. Baldenegro*, 188 Ariz. 10, 14 (App. 1996); *see State v. George*, 233 Ariz. 400, 402, ¶ 8 (2013) (noting that a defendant whose conduct fit "squarely within the statute's ambit" could not challenge the statute as vague). Here, Garcia admitted that he touched M.O.'s breasts with sexual intent on multiple occasions. And the jury heard evidence that Garcia had sexual intercourse with J.O. multiple times. This conduct falls squarely within the ambit of the sexual-abuse and sexual conduct with a minor statutes, respectively.

## V. Presentence Incarceration Credit.

**¶22** Garcia argues that the superior court failed to give him credit for time he spent in custody before sentencing. *See* A.R.S. § 13-712(B) (establishing entitlement to credit for "[a]ll time actually spent in custody pursuant to an offense" before sentencing). The State agrees, and the record reflects that Garcia is entitled to receive 861 days of presentence incarceration credit, rather than the 854 days calculated by the superior court. Because failure to award deserved presentence incarceration credit is fundamental error, *see State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005), we modify Garcia's sentence for Count 1 (sexual conduct with a minor) to reflect the correct calculation.

## CONCLUSION

**¶23** Garcia's convictions are affirmed. We modify his sentence for Count 1 to reflect 861 days of presentence incarceration credit and affirm his sentences in all other respects.

